IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, ALAMO RECORDS, LLC, ARISTA MUSIC, ARISTA RECORDS, LLC, LAFACE RECORDS, LLC, RECORDS LABEL, LLC, ULTRA RECORDS, LLC, and ZOMBA RECORDING LLC<br><br>Plaintiffs,<br><br>- against -<br><br>UNIVERSITY OF SOUTHERN CALIFORNIA,<br><br>Defendant. | Civil Action No. 1:25-cv-02042<br><br>**JURY TRIAL DEMANDED** |

**JOINT STATUS LETTER**

Pursuant to the Notice of Initial Pretrial Conference, counsel for Plaintiffs Sony Music Entertainment; Alamo Records, LLC; Arista Music; Arista Records, LLC; LaFace Records, LLC; Records Label, LLC; Ultra Records, LLC; and Zomba Recordings LLC (collectively, "Plaintiffs" or "Sony Music"), have conferred with counsel for Defendant University of Southern California ("Defendant" or "USC") about the matters herein. The Parties jointly submit to the Court the following Joint Status Letter.

A.   NATURE OF THE CASE

*Plaintiffs' Claims***:** This action concerns allegations of copyright infringement brought by Sony Music against USC. Sony Music alleges that USC used numerous copyrighted sound recordings owned or controlled by Sony Music without proper authorization or licenses in videos promoting USC and its athletic programs across multiple social media platforms. The complaint identifies over 250 videos allegedly containing over 170 Sony Music sound recordings posted across 30 USC department social media accounts (which are not personal student or faculty

1

accounts). Sony Music alleges these uses were willful infringements that occurred after USC had received notice from Sony Music of numerous similar prior unauthorized uses, with knowledge of the social media platforms' terms of use, and in violation of USC's own policies, which acknowledge the need to obtain proper licenses before using music in videos. Plaintiffs assert three copyright-based claims: Copyright Infringement (Count I), Vicarious Copyright Infringement (Count II), and Contributory Infringement (Count III), in connection with which Plaintiffs seek actual damages or statutory damages (at their election), costs (including reasonable attorneys' fees), and injunctive relief.

*Defendant's Defenses*: As set forth more fully in USC's forthcoming pre-motion letter and Section B below, Sony Music's Complaint should be dismissed in its entirety for lack of personal jurisdiction. While USC is still evaluating Sony Music's claims, if this matter proceeds beyond USC's motion to dismiss, USC expects to assert several other defenses and arguments in opposition to Sony Music's claims, including, without limitation, that: Sony Music has not established ownership of all copyrights identified in the complaint, any alleged use was innocent, fair use, unclean hands, failure to mitigate, and that any alleged use is subject to license.

B.     **JURISDICTION**

*Plaintiffs' Position*: This Court has original subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a). Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and 28 U.S.C. § 1400(a) because, inter alia, USC "may be found" in this District, and is subject to personal jurisdiction here. USC transacts substantial business in New York. USC committed a tortious act outside New York causing injury to Sony Music within New York. USC derives substantial revenue from interstate commerce and expects or should reasonably expect its acts to have consequences in New York, particularly because Sony Music directly notified USC

of infringing activity as early as 2021. USC's purposeful activities directed at New York satisfy constitutional due process requirements.

Among the allegations supporting jurisdiction and venue are that: SME is headquartered in New York and suffered injury there, USC maintains a University Advancement Office in New York City, conducts academic programs in New York, organizes events in New York relating to recruiting, admissions, networking and sports, and maintains an active alumni club. Upon information and belief, New York residents have donated substantial sums to USC through its New York advancement office, paid tuition for USC academic programs conducted in New York, and participated in USC's New York recruiting and networking events. USC participates in a multibillion-dollar sports industry with lucrative media rights agreements that ensure USC's athletic competitions are regularly broadcast into New York, targeting a substantial audience in the state.

***Defendant's Position***: USC is a private, non-profit university located in Los Angeles, California. USC's athletic programs are all based at its campus in Los Angeles. USC does not have a campus in New York. Sony Music cannot establish personal jurisdiction over USC, because (i) USC is not "at home" in New York and (ii) Sony Music's copyright claims do not arise from USC's alleged contacts with New York. Sony Music's argument above highlights the fact that the exercise of personal jurisdiction would be improper, because none of Sony Music's allegations (*e.g.*, the existence of "an active alumni club" in New York) demonstrate a nexus between those alleged New York-based activities and Sony Music's copyright infringement claims. Venue is also improper in this District, because USC does not "reside" in this District, a substantial part of the events giving rise to this action did not occur in this District, and there is another district—the Central District of California—where this action could have been brought.

C.       **MOTION PRACTICE**

*Defendant's Position*: USC will move to dismiss the Complaint in its entirety for lack of personal jurisdiction and improper venue. As set forth below, if the Court so requires, USC will also file a motion to stay discovery pending the resolution of its motion to dismiss.

*Plaintiffs' Position*: Sony Music will oppose a motion to dismiss for lack of personal jurisdiction and improper venue, and any request for a stay pending such motion. Sony Music may also seek tailored jurisdictional discovery in the alternative to denial of such motion, as the detailed allegations in the Complaint far surpass the threshold for authorizing such discovery if needed to support denial of the motion. Sony Music will respond more fully to specific arguments in any such motion once it is made, but stresses its position that USC is plainly subject to jurisdiction in this District under New York's long-arm statute. As noted above, the Complaint contains detailed allegations evidencing personal jurisdiction over USC. Among multiple grounds, copyright infringement constitutes a tortious act for jurisdictional purposes, and the Complaint details copyright infringement that USC committed that caused injury to Sony Music in New York, which USC plainly knew would have consequences in New York, not least because Sony Music had put USC on direct notice of such infringement. Moreover, venue in this copyright infringement action is governed by 28 U.S.C. § 1400(a) and is proper where USC may be found, which includes in this District where personal jurisdiction exists.

D.       **DISCOVERY**

The Parties have not exchanged any discovery. The parties have conferred and prepared a Civil Case Management Plan and Scheduling Order, though USC submits the proposed Civil Case Management Plan and Scheduling Order subject to its position that discovery should be stayed pending a determination of its motion to dismiss.

***Plaintiffs' Position***: Plaintiffs anticipate focused discovery on: (1) USC's creation and distribution of videos containing copyrighted content; (2) USC's knowledge and actions concerning its infringing behavior before and after receipt of multiple infringement notices since 2021; (3) USC's social media operations, including supervision and approval processes for posts and institutional control over social media accounts; (4) financial data related to damages, including but not limited to USC's licensing practices, cost avoidance from unauthorized use, and profits attributable to videos containing Sony Music's recordings; (5) USC's written policies acknowledging and discussing licensing requirements, and policies relating to the use of intellectual property and the implementation of those policies across its social media accounts.

Plaintiffs would oppose a request to stay discovery pending any motion to dismiss. *See Gen. Elec. Int'l, Inc. v. Thorco Shipping Am., Inc.*, No. 21 CIV. 6154 (JPC), 2022 WL 1748410, at *3 (S.D.N.Y. May 31, 2022) (denying motion to stay pending resolution of a motion to dismiss for personal jurisdiction as "the parties will need to engage in substantively the same discovery whether or not they proceed with Plaintiffs' claims in this litigation" or in a different forum); *Dickerson v. Novartis Corp.*, No. 1:15-CV-1980-GHW, 2016 WL 9560056, at *4 (S.D.N.Y. Apr. 11, 2016) (Woods, J.) (denying motion to stay pending resolution of a motion to transfer venue and explaining "it is not clear to the Court that judicial economy would be promoted, rather than hindered, by staying discovery that will be necessary irrespective of whether the motion to transfer is granted").

***Defendant's Position***: Discovery should be stayed pending USC's dispositive motion to dismiss for lack of personal jurisdiction and improper venue. *See Am. Fed'n of Musicians & Emplrs' Pension Fund v. Atl. Recording Corp.*, 1:15-cv-6267, 2016 U.S. Dist. LEXIS 66201, at *2 (S.D.N.Y. Jan. 8, 2016) (discovery stayed pending motion to dismiss); s*ee also Gandler v.*

*Nazarov*, 94-CV- 2272, 1994 U.S. Dist. LEXIS 17885, 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994) (finding good cause to grant a stay where the pending motion is "based on lack of personal jurisdiction").

If this action proceeds to discovery, USC expects to take discovery relating to: (i) Sony Music's alleged ownership of the asserted copyrights; (ii) Sony Music's knowledge of alleged infringement and failure to notify USC of any such alleged infringing activity; (iii) any licenses relating to the alleged copyrighted works; and (iv) financial information relating to Sony Music's alleged damages. Because the videos identified in the Complaint are hosted on third-party social media platforms, USC is open to discussing the best manner for preserving the videos and any relevant data with SME, to the extent SME has not already done so.

### E.     COMPUTATION OF DAMAGES

Sony Music seeks damages pursuant to 17 U.S.C. § 504(c) for USC's willful infringement in amounts up to $150,000 with respect to each copyrighted work or, in the alternative, at Sony Music's election, Sony Music's actual damages and USC's profits attributable to the infringement pursuant to 17 U.S.C. § 504(b), in an amount to be proven at trial.

### F.     SETTLEMENT DISCUSSIONS

Prior to the filing of the Complaint, the Parties had engaged in settlement discussions and a mediation. Since the filing of the Complaint, the parties have indicated openness to continuing settlement discussions, but have not engaged in further concrete settlement discussions.

### G.     OTHER INFORMATION

The parties do not at this time provide additional information to the Court beyond what is contained in the Complaint and outlined above. The parties will promptly update the Court with any significant developments that may assist in the efficient management of this case.

Dated: May 8, 2025
New York, NY

| PRYOR CASHMAN LLP | HAYNES AND BOONE, LLP |
|---|---|
| */s/ Benjamin K. Semel*<br>Benjamin K. Semel<br>Kaveri Arora<br>Rachel M. Kaplowitz<br>7 Times Square<br>New York, NY 10036<br>(212) 421-4100<br>bsemel@pryorcashman.com<br>karora@pryorcashman.com<br>rkaplowitz@pryorcashman.com<br>*Attorneys for Plaintiffs Sony Music Entertainment, Alamo Records, LLC, Arista Music, Arista Records, LLC, LaFace Records, LLC, Records Label, LLC, Ultra Records, LLC, and Zomba Recordings LLC* | */s/ Richard D. Rochford*<br>Richard D. Rochford<br>Joseph Lawlor<br>30 Rockefeller Plaza, 26th Floor<br>New York, NY 10112<br>Tel: (212) 659- 7300<br>Fax: (212) 918-8989<br>richard.rochford@haynesboone.com<br>joseph.lawlor@haynesboone.com<br><br>Jason Bloom (admitted *pro hac vice*)<br>2801 N. Harwood Street<br>Suite 2300<br>Dallas, TX 75201<br>Telephone: (214) 651-5655<br>Facsimile: (214) 200-0396<br><br>Michael J. Lambert<br>98 San Jacinto Blvd., Suite 1500<br>Austin, TX 78701<br>Telephone: (512) 867-8400<br>Facsimile: (512) 867-8470<br>michael.lambert@haynesboone.com<br>*Attorneys for Defendant* |