

**PRYOR CASHMAN LLP**

7 Times Square, New York, NY 10036-6569   Tel: 212-421-4100   Fax: 212-326-0806

New York | Los Angeles | Miami

pryorcashman.com

**Benjamin K. Semel**

Direct Tel: 212.326.0131
BSemel@PRYORCASHMAN.com

May 14, 2025

**VIA ECF**

Honorable Gregory H. Woods
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 2260
New York, New York 10007

Re: *Sony Music Entertainment, et al. v. University of Southern California*, No. 1:25-cv-02042-GHW

Dear Judge Woods:

We are counsel to Plaintiffs Sony Music Entertainment, Alamo Records, LLC, Arista Music, Arista Records, LLC, LaFace Records, LLC, Records Label, LLC, Ultra Records, LLC and Zomba Recording, LLC (collectively, "Sony Music" or "Plaintiffs") in the above-referenced action. Pursuant to 2.E.i of Your Honor's Individual Rules of Practice in Civil Cases, we write in response to the pre-motion letter submitted by counsel for defendant University of Southern California ("USC" or "Defendant"), dated May 9, 2025 (the "May 9 Letter") requesting a pre-motion conference for its proposed motion to dismiss Sony Music's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2), (3) and (6) (the "Proposed Motion"). Specifically, at issue in the Proposed Motion is whether this Court may exercise personal jurisdiction over USC, whether venue is proper in this District and whether Sony Music has adequately pleaded contributory and vicarious copyright infringement claims. Defendant's Proposed Motion would fail as matter of law for the reasons set forth below.

**I.    This Court May Exercise Personal Jurisdiction Over Defendant**

Defendant claims in a single paragraph that it is not subject to this Court's specific jurisdiction,[1] failing to address in any detail relevant provisions of New York's longarm statute, CPLR § 302(a), and the Complaint's factual allegations that support this Court's jurisdiction over Defendant. Notably, Defendant completely ignores and fails to address Sony Music's allegations that USC committed a tortious act which caused harm to Sony Music within New York.

---

[1] The Court can exercise either general or specific personal jurisdiction over a defendant; this Court has specific jurisdiction over USC.



Honorable Gregory H. Woods
May 14, 2025
Page 2

As alleged in the Complaint, this Court has personal jurisdiction over USC on numerous grounds. First, contrary to Defendant's unsubstantiated assertion, Sony Music has sufficiently pleaded that USC transacts substantial business within New York, and that its infringement has an "articulable nexus" or "substantial relationship" to USC's contacts in New York.

As alleged, USC: (1) maintains a "University Advancement" Office in New York City, which solicits gifts and donations from New York residents (Compl. ¶ 32); (2) conducts multiple academic programs and classes in New York City (*id.*); (3) organizes and hosts events in New York related to recruiting, admissions, networking, and sports (*id.*); (4) maintains an active alumni club in New York (*id.*); (5); sells merchandise and tickets targeted to New York residents (*id.* ¶¶ 33, 67); and (6) participates in a multi-billion dollar media rights agreements with national broadcasters to ensure that its athletic competitions are regularly broadcast into New York (*id.* ¶ 33). Each of these contacts demonstrates USC's regular and persistent business activities within New York.

Sony Music has also sufficiently pleaded an "articulable nexus" or "substantial relationship" – a relatively permissive standard – between USC's infringement and its contacts with New York. *See Ramiro Aviles v. S & P Glob., Inc.*, 380 F. Supp. 3d 221, 261–62 (S.D.N.Y. 2019) ("New York's long-arm statute requires only some "relatedness between the [in-state] transaction and the legal claim[,] such that the latter is not completely unmoored from the former") The Complaint alleges: (1) USC's athletic competitions broadcast into New York are part of the same integrated marketing strategy as the infringing social media videos, both designed to enhance USC's brand and generate revenue (Compl. ¶ 33); (2) USC's "Advancement Office" in New York solicits donations from New York residents that directly support the athletics programs featured in the videos (*id.* ¶ 32); (3) USC's fundraising operations in New York benefit from the enhanced brand value created by the infringing videos (*id.* ¶¶ 48-54); and (4) USC creates videos to drive viewers to its website where they can purchase tickets and merchandise, with New York residents among the targeted audience (*id.* ¶¶ 33, 67). These factual allegations establish the requisite relationship between USC's New York contacts and its infringing conduct.

Second, USC derives substantial interstate revenue from interstate commerce and expects or should reasonably expect its acts to have consequences in New York by way of its conduct described in the immediately preceding paragraph, providing another basis for this Court's jurisdiction,. Indeed, USC's own guidelines acknowledge that music licensing "must be paid for" (*id.* ¶ 8), and USC further acknowledges this in vigorously defending its own intellectual property rights (*id.* ¶ 71), USC has also undoubtedly derived substantial revenue from interstate commerce. For example: (1) USC has reported operating revenues of more than $7 billion (*id.* ¶ 48); (2) USC's athletics program alone generated $212 million in revenue in 2022 (*id.* ¶ 50); (3) USC participates in a multi-billion dollar college sports industry (*id.* ¶¶ 3, 33); and (4) USC joined the Big Ten Conference, with projected television revenues of $80-$100 million annually per school (*id.* ¶ 51.)



Honorable Gregory H. Woods
May 14, 2025
Page 3

Finally, Sony Music articulates a non-speculative and direct injury, permitting the Court to properly exercise jurisdiction over Defendant. The Complaint makes clear that Sony Music's business relies heavily on licensing revenue for digital content (Compl. ¶ 41, 43), and that USC's willful infringement directly impacts these licensing operations centered in New York (*id.* ¶ 34). USC's infringement also threatens to diminish incentives to engage in a creative enterprise, disruption of existing licensing relationships with paying customers, and erosion of the ability to control how and where works are used. These allegations sufficiently plead harm to Sony Music's "bundle of rights" which suffice for a non-speculative and direct injury in New York. *Troma Entm't, Inc. v. Centennial Pictures Inc.*, 729 F.3d 215, 220 (2d Cir. 2013).

### A. Exercise Of Jurisdiction Under N.Y. C.P.L.R. § 302(a)(1) Or § 302(a)(3) Satisfies Constitutional Due Process Requirements

As alleged, USC has sufficient "minimum contacts" with New York such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). USC has purposefully availed itself of the privilege of conducting activities in New York through its physical office, educational programs, and promotional activities. Given USC's substantial presence in New York and its willful infringement after notice, asserting jurisdiction is fundamentally fair and reasonably foreseeable to USC.

### II. Venue In This District Is Proper

Defendant misread the applicable venue statutory provision, which provides that an action "may be instituted in the district in which the defendant or his agent resides or may be found." A defendant "'may be found' wherever that person is amenable to personal jurisdiction." *Cavu Releasing, LLC v. Fries*, 419 F. Supp.2d 388, 394 (S.D.N.Y. 2005) (concluding that venue analysis merges with personal jurisdiction inquiry); *Linzer v. EMI Blackwood Music, Inc.*, 904 F.Supp. 207, 215 (S.D.N.Y. 1995). Accordingly, because this Court may exercise personal jurisdiction over USC as analyzed above, venue in this District is proper.

### III. Sony Music Adequately Pleads Vicarious And Contributory Infringement

Defendant's assertion that the Complaint does not state claims for vicarious and contributory infringement because Sony Music does not plead direct infringement by a third party is patently wrong. Sony Music asserts vicarious and contributory infringement only if "not directly liable for the infringing conduct." (Compl. ¶¶ 104, 114.) If USC is not directly liable, facts of infringement by a third party have been sufficiently alleged for which Defendant is liable under vicarious or contributory infringement. Sony Music need not specifically identify the party who has infringed under these theories of liability. *See e.g. Blank Prods., Inc. v. Warner/Chappell Music, Inc.,* No. 11 CIV. 7927 KMW, 2013 WL 32806, at *4 (S.D.N.Y. Jan. 3, 2013) (addressing this argument and finding that while "the Court agrees that *recovery* under a secondary liability



Honorable Gregory H. Woods
May 14, 2025
Page 4

theory requires proof of direct infringement by specific third parties," the Court does not find that "a party is required to *plead* the elements of direct infringement with respect to each third party infringer in a secondary liability case," and denying partial motion to dismiss). Defendant's argument would therefore be contrary to the law.

Respectfully submitted,

Benjamin K. Semel