**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SONY MUSIC ENTERTAINMENT, ALAMO RECORDS,
LLC, ARISTA MUSIC, ARISTA RECORDS, LLC, LAFACE
RECORDS, LLC, RECORDS LABEL, LLC, ULTRA
RECORDS, LLC, and ZOMBA RECORDING LLC,

                         Plaintiffs,

                    - against -

UNIVERSITY OF SOUTHERN CALIFORNIA

                    Defendant.

Case No: 1:25-cv-02042-GHW

**DEFENDANT UNIVERSITY OF SOUTHERN CALIFORNIA'S MEMORANDUM**
**OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

# TABLE OF CONTENTS

TABLE OF CONTENTS...................................................................................................... ii

TABLE OF AUTHORITIES ............................................................................................... iii

PRELIMINARY STATEMENT ........................................................................................... 1

FACTUAL BACKGROUND ................................................................................................ 3

ARGUMENT ......................................................................................................................... 4

I.      USC IS NOT SUBJECT TO PERSONAL JURISDICTION IN NEW YORK. ............... 4

        A.      USC is not "at home" in New York and is therefore not subject to general
                jurisdiction. ....................................................................................................... 5

        B.      USC is not subject to specific jurisdiction because Plaintiffs' claims do not
                arise from USC's alleged contacts with New York. ............................................ 8

                1.      USC is not subject to jurisdiction under CPLR 302(a)(1). ....................... 9

                2.      USC is not subject to jurisdiction under CPLR 302(a)(2). ..................... 11

                3.      USC is not subject to jurisdiction under CPLR 302(a)(3)(i). ................. 12

                4.      USC is not subject to jurisdiction under CPLR 302(a)(3)(ii). ................ 12

                5.      USC is not subject to specific jurisdiction pursuant to CPLR
                        302(a)(4). ........................................................................................... 18

        C.      Exercising personal jurisdiction over USC in New York would violate due
                process................................................................................................................ 19

                1.      USC does not have sufficient minimum contacts with New York. ......... 19

                2.      The exercise of personal jurisdiction would not comport with
                        traditional notions of fair play and substantial justice. ............................ 21

II.     VENUE IS IMPROPER IN THIS DISTRICT. ................................................................. 23

III.    PLAINTIFFS FAIL TO STATE CLAIMS FOR VICARIOUS AND
        CONTRIBUTORY COPYRIGHT INFRINGEMENT. ................................................. 24

CONCLUSION..................................................................................................................... 26

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                    **Page(s)**

*A&M Records v. Napster, Inc.*,
   239 F.3d 1004 (9th Cir. 2000) ...........................................................................25

*Aero AG Holdings, LLC v. Huggoes Fashion LLC*,
   21-CV-9499, 2022 WL 6244439 (S.D.N.Y. July 5, 2022).....................................22

*Am. Girl, LLC v. Zembrka*,
   118 F.4th 271 (2d Cir. 2024) ......................................................................19, 21

*American Eutectic Welding Alloys Sales Co. v. Dytron Alloys Corp.*,
   439 F.2d 428 (2d Cir. 1971)...........................................................................16

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..........................................................................2, 18, 26

*Ball v. Metallurgie Hoboken-Overpelt, S.A.*,
   902 F.2d 194 (2d Cir. 1990)...........................................................................12

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*,
   305 F.3d 120 (2d Cir. 2002)........................................................................4, 11

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)..........................................................................2, 3, 26

*Berdeaux v. OneCoin Ltd.*,
   561 F. Supp. 3d 379 (S.D.N.Y. 2021).............................................................18

*Best Van Lines, Inc. v. Walker*,
   490 F.3d 239 (2d Cir. 2007).......................................................................9, 10

*BNSF Ry. Co. v. Tyrrell*,
   581 U.S. 402 (2017).....................................................................................6

*Bramwell v. Tucker*,
   107 A.D.2d 731, 484 N.Y.S.2d 92 (2d Dep't 1985) ............................................13

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985)....................................................................................20

*Bus. Casual Holdings, LLC v. YouTube, LLC*,
   21-CV-3610, 2022 WL 837596 (S.D.N.Y. Mar. 21, 2022)...................................25

*Chassman v. Bezzabeh*,
   15-CV-4869, 2016 WL 7174669 (S.D.N.Y. Dec. 7, 2016) (Woods, J.)....................5

*Creative Photographers, Inc. v. Grupo Televisa, S.A.B.*,
  23-CV-7106, 2025 WL 388401 (S.D.N.Y. Feb. 4, 2025)..................................................10, 16

*Creative Photographers, Inc. v. Televisa, S.A.B.*,
  23-CV-7106, 2024 WL 1533189 (S.D.N.Y. Apr. 8, 2024) .....................................................17

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014)............................................................................................................5

*Daniel v. Am. Bd. of Emergency Med.*,
  428 F.3d 408 (2d Cir. 2005)...............................................................................................23

*Diaz v. Edi Korta, LLC*,
  24-CV-20522, 2024 WL 3425710 (S.D. Fla. July 15, 2024)...............................................25

*DirecTV Latin Am., LLC v. Park 610, LLC*,
  691 F. Supp. 2d 405 (S.D.N.Y. 2010).................................................................................11

*DiStefano v. Carozzi N. Am., Inc.*,
  286 F.3d 81 (2d Cir. 2001)...................................................................................................4

*Dix v. Peters*,
  374 F. Supp. 3d 213 (N.D.N.Y. 2019), *aff'd*, 802 Fed. Appx. 25 (2d Cir. 2020)...................21

*Domond v. Great Am. Rec., Inc.*,
  116 F. Supp. 2d 368 (E.D.N.Y. 2000) .................................................................................14

*Donner v. Der Spiegel GmbH & Co. KG*,
  747 F. Supp. 3d 681 (S.D.N.Y. 2024).................................................................................19

*Epikhin v. Game Insight N. Am.*,
  14-CV-04383, 2015 WL 2412357 (N.D. Cal. May 20, 2015).............................................26

*Forstech Technical Nigeria Ltd. v. The Shell Petroleum Dev't Co. of Nigeria Ltd.*,
  24-CV-7629, 2025 WL 1435203 (S.D.N.Y. May 19, 2025) ...............................................11

*Foster v. Price*,
  22-CV-02031, 2025 WL 974604 (E.D.N.Y. Mar. 31, 2025)...............................................17

*Freeplay Music, LLC v. Dave Arbogast Buick-GMC, Inc.*,
  16-CV-442, 2017 WL 449913 (S.D.N.Y. Jan. 18, 2017) ..............................................16, 17

*Freeplay Music, LLC v. Nian Infosolutions Priv. Ltd.*,
  2018 WL 3639929 (S.D.N.Y. July 10, 2018) ......................................................................17

*Freeplay Music, LLC v. RIGOL Techs. USA, Inc.*,
  16-CV-5883, 2020 WL 564232 (S.D.N.Y. Feb. 2, 2020).....................................................17

*Gaines, Emhof, Metzler & Kriner v. Nisberg*,
   843 F. Supp. 851 (W.D.N.Y. 1994) ...................................................................23

*Gmurzynska v. Hutton*,
   257 F. Supp. 2d 621 (S.D.N.Y. 2003), *aff'd*, 355 F.3d 206 (2d Cir. 2004) ........................4, 14

*Gucci America, Inc. v. Weixing Li*,
   768 F.3d 122 (2d Cir. 2014) .........................................................................5

*Hanover v. One Commc'ns (Guyana) Inc.*,
   24-CV-6637, 2025 WL 948116 (E.D.N.Y. Mar. 28, 2025) ...............................................17

*Int'l. Shoe Co. v. Washington*,
   326 U.S. 310 (1945) ................................................................................19

*Int'l Telecom, Inc. v. Generadora Electrica Del Oriente, S.A.*,
   00-CV-8695, 2002 WL 1072230 (S.D.N.Y. May 28, 2002) ...............................................14

*Isaacs v. Trs. of Dartmouth College*,
   13-CV-5708, 2014 WL 4186536 (E.D. Pa. Aug. 25, 2014) *aff'd sub nom.*, 608
   Fed. App'x 70 (3d Cir. 2015) ........................................................................7

*John Wiley & Sons, Inc. v. Swancoat*,
   8-CV-5672, 2009 WL 2486048 (S.D.N.Y. Aug. 14, 2009) ...............................................24

*Kee v. Detroit Lions, Inc.*,
   24-CV-223, 2025 WL 965786 (S.D.N.Y. Mar. 30, 2025) .................................................9

*Kurzon LLP v. Thomas M. Cooley Law Sch.*,
   12-CV-8352, 2014 WL 2862609 (S.D.N.Y. June 24, 2014) ...............................................7

*Laine v. Pride*,
   N09–CV–3057, 2010 WL 199927 (S.D.N.Y. Jan. 19, 2010) .............................................24

*Lehigh Valley Indus. v. Birenbaum*,
   527 F.2d 87 (2d Cir. 1975) .........................................................................16

*Lixenberg v. Complex Media, Inc.*,
   22-CV-354, 2023 WL 144663 (S.D.N.Y. Jan. 10, 2023) .................................................26

*LLM Bar Exam, LLC v. Barbri, Inc.*,
   271 F. Supp. 3d 547 (S.D.N.Y. 2017), *aff'd*, 922 F.3d 136 (2d Cir. 2019) .............................8

*Mareno v. Rowe*,
   910 F.2d 1043 (2d Cir. 1990) .......................................................................13

*McGucken v. Newsweek LLC*,
   464 F. Supp. 3d 594 (S.D.N.Y. 2020) ................................................................26

*Metro. Life Ins. Co. v. Robertson-Ceco Corp.*,
    84 F.3d 560 (2d Cir. 1996) ................................................................22

*Meyer v. Bd. of Regents*,
    13-CV-3128, 2014 WL 2039654 (S.D.N.Y. May 14, 2014) ..........................................6

*Multi Access Ltd. v. Guangzhou Baiyunshan Pharm. Holdings Co., Ltd.*,
    20-CV-7397, 2024 WL 3498180 (S.D.N.Y. July 22, 2024).........................................4, 10

*P.C. v. Driscoll*,
    24-CV-2496, 2025 WL 104522 (S.D.N.Y. Jan. 15, 2025) ....................................23

*Richards v. Duke Univ.*,
    480 F. Supp. 2d 222 (D.D.C. 2007) ........................................................7

*Royalty Network Inc. v. Dishant.com, LLC*,
    638 F. Supp. 2d 410 (S.D.N.Y. 2009) ......................................................18

*Stelzer v. Wang L. Office, PLLC*,
    23-CV-4264, 2024 WL 4836299 (E.D.N.Y. Nov. 20, 2024) ..................................24

*In re Sumitomo Copper Litig.*,
    120 F. Supp. 2d 328 (S.D.N.Y. 2000)........................................................13

*Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*,
    01-CV-1574, 2002 WL 719471 (E.D.N.Y. Mar. 15, 2002)....................................11

*In re Terrorist Attacks on Sept. 11, 2001*,
    714 F.3d 659 (2d Cir. 2013)...............................................................4

*Thackurdeen v. Duke Univ.*,
    130 F. Supp. 3d 792 (S.D.N.Y. 2015), *aff'd*, 660 Fed. Appx. 43 (2d Cir. 2016) ........... *passim*

*Troma Entm't, Inc. v. Centennial Pictures Inc.*,
    729 F.3d 215 (2d Cir. 2013)........................................................... *passim*

*U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co., Ltd.*,
    241 F.3d 135 (2d Cir. 2001)................................................................21

*Walden v. Fiore*,
    571 U.S. 277 (2014)..............................................................19, 20, 22

*Weil v. Am. Univ.*,
    07-CV-7748, 2008 WL 126604 (S.D.N.Y. Jan. 2, 2008) ......................................7

*Wu v. John Wiley & Sons, Inc.*,
    14-CV-6746, 2015 WL 5254885 (S.D.N.Y. Sept. 10, 2015) ..................................24

*Young v. Mallet,*
    49 A.D.2d 528 (1st Dep't 1975) (per curiam) ........................................................12

**Statutes**

28 U.S.C. § 1391(b) ........................................................................................................23

28 U.S.C. § 1400(a) ...................................................................................................23, 24

Fed. R. Civ. P. 12(b)(2) ....................................................................................................4

Fed. R. Civ. P. 12(b)(3) ..................................................................................................23

Fed. R. Civ. P. 12(b)(6) ..................................................................................................24

N.Y. CPLR § 301 ..............................................................................................................5

N.Y. CPLR § 302 .........................................................................................................1, 8

N.Y. CPLR § 302(a) .........................................................................................................9

N.Y. CPLR § 302(a)(1) ...........................................................................................1, 9, 10

N.Y. CPLR § 302(a)(2) .........................................................................................1, 11, 17

N.Y. CPLR § 302(a)(3) ............................................................................................ *passim*

N.Y. CPLR § 302(a)(4) .........................................................................................1, 18, 19

Defendant University of Southern California ("USC") files this Memorandum of Law in Support of its Motion to Dismiss Plaintiffs' Complaint in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(2), (3), and (6).

## PRELIMINARY STATEMENT

Plaintiffs' Complaint should be dismissed because USC is not subject to personal jurisdiction in New York, venue is improper in this District, and Plaintiffs fail to state a claim on which relief can be granted on two of their three causes of action. USC is a private, nonprofit university located in Los Angeles and incorporated in California. USC's academic and athletic programs are based in California, as are its student athletes, coaches, athletics staff, and athletics marketing personnel. Accordingly, Plaintiffs admit that any alleged infringement occurred "outside of New York." Doc. No. 1 ¶ 34.

Plaintiffs' Complaint fails to allege facts that support the exercise of general jurisdiction over USC in New York. USC is neither headquartered in New York nor organized under New York law. The handful of New York-based contacts alleged by Plaintiffs (*e.g.*, fundraising in New York and having an alumni club in New York) are typical of American universities and certainly do not make USC "at home" in New York, as required to establish general jurisdiction.

Similarly, USC is not subject to specific jurisdiction under New York's long-arm statute, CPLR 302, because there is no articulable nexus between USC's alleged conduct and New York. Plaintiffs' claims do not arise from USC's transaction of business in New York as required by CPLR 302(a)(1). Nor do Plaintiffs allege that USC committed a tortious act while physically present in New York, as required by CPLR 302(a)(2), or that their claims arise from USC's ownership or use of real property in New York, as required by CPLR 302(a)(4).

Plaintiffs' reliance on CPLR 302(a)(3), which requires a tortious act committed outside of New York that causes injury within the state, also fails. Plaintiffs allege that USC engaged in

1

infringement outside of New York which injured Plaintiffs in New York, but the law is clear that CPLR 302(a)(3) requires a "direct injury" in New York, which is not satisfied by mere economic injury to a New York resident. The Second Circuit in *Troma Entm't, Inc. v. Centennial Pictures Inc.*, rejected the same argument now offered by Plaintiffs and held that "the suffering of economic damages in New York is insufficient, alone, to establish a direct injury in New York for [CPLR] 302(a)(3) purposes." 729 F.3d 215, 218 (2d Cir. 2013). Accordingly, there is no basis to exercise personal jurisdiction over USC under New York's long-arm statute.

Plaintiffs also cannot satisfy the constitutional requirements of due process. USC is a California university that does not have sufficient minimum contacts with New York to justify the exercise of personal jurisdiction. USC has not purposefully availed itself of the privilege of conducting activities within New York, nor could it reasonably foresee being haled into court in New York for alleged infringing conduct that occurred "outside of New York." Doc. No. 1 ¶ 34. Accordingly, the exercise of jurisdiction over USC would not comport with traditional notions of fair play and substantial justice, requiring dismissal.

In addition to the lack of personal jurisdiction, venue is improper in this District because Plaintiffs do not allege that a substantial part of the events or omissions giving rise to their claims occurred in New York and, as set forth above, USC is not subject to personal jurisdiction in New York.

Finally, Plaintiffs' claims for vicarious and contributory copyright infringement fail as a matter of law because Plaintiffs fail to sufficiently allege infringement by a third party. Instead, Plaintiffs rely on conclusory assertions and threadbare recitals of the elements of these claims, which are insufficient to survive a motion to dismiss under the standards in *Iqbal* and *Twombly*. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("Threadbare recitals of the elements of a cause

of action, supported by mere conclusory statements, do not suffice"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level").

## **FACTUAL BACKGROUND**

Founded in 1880, USC is a nonprofit corporation incorporated under the laws of California with a principal place of business in Los Angeles, where USC's two campuses are located. Doc. No. 1 ¶ 29; Ex. A, Declaration of Lila Mauro ¶¶ 4-5 ("Mauro Decl."). USC's athletic programs, student athletes, coaches, athletic staff, and athletic marketing personnel are based in California, and USC's athletic programs practice and play home games in Los Angeles. Mauro Decl. ¶ 6.

Plaintiffs allege that USC committed copyright infringement "outside of New York" by posting videos with Plaintiffs' sound recordings on USC athletics social media pages on TikTok, Instagram, Facebook, and YouTube.[1] Doc. No. 1 ¶¶ 1, 4, 17, 27, 34, 97–102. Like USC, each of the social media platforms where Plaintiffs allege infringing videos were posted is headquartered in California. Ex. B, Declaration of Michael J. Lambert ("Lambert Decl.") at B-1, B-3, B-6. Each of the athletic programs featured in the videos, including the student athletes, coaches, staff, and marketing personnel, are based in Los Angeles. Mauro Decl. ¶ 6. USC personnel with access to the credentials to USC athletics social media accounts, including the USC athletics social media accounts referenced in the Complaint, are based in the Los Angeles area, and the USC athletics social media accounts are managed from the Los Angeles area. Mauro Decl. ¶ 7. Plaintiffs do not allege facts suggesting that any of the videos were posted outside of California, much less from New York, or that any of the videos specifically targeted or even referenced New York or the New York market.

---

[1]    While the Complaint references YouTube and cites YouTube's Terms of Service, Exhibit A to the Complaint does not identify any videos posted on YouTube.

USC is not registered to do business in New York and has no registered agent in New York. Mauro Decl. ¶¶ 11-12. USC does not have a campus in New York, owns no real property in New York, has no offices in New York, and has no regularly occurring full academic programs in New York.[2] Mauro Decl. ¶¶ 13-16. While Plaintiffs allege USC maintains a "University Advancement" Office in New York (Doc. No. 1 ¶ 32), that office was closed due to limited use on March 10, 2025 and was not part of the USC athletics department. Mauro Decl. ¶ 16.

## ARGUMENT

### I.  USC is not subject to personal jurisdiction in New York.

Plaintiffs' Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2) because Plaintiffs fail to meet their burden of establishing that (1) the Court has either "specific" or "general" jurisdiction over USC and (2) that the exercise of personal jurisdiction over USC comports with due process. *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 124 (2d Cir. 2002). On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant. *DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001). Courts "will not draw argumentative inferences in the plaintiff's favor" and need not "accept as true a legal conclusion couched as a factual allegation." *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013) (internal quotations omitted). Conclusory allegations are "not enough to establish personal jurisdiction." *Gmurzynska v. Hutton*, 257 F. Supp. 2d 621, 625 (S.D.N.Y. 2003), *aff'd*, 355 F.3d 206 (2d Cir. 2004). Jurisdictional allegations based on "information and belief" are likewise insufficient. *See Multi Access Ltd. v. Guangzhou Baiyunshan Pharm. Holdings Co., Ltd.*, 20-CV-7397, 2024 WL 3498180, *4 (S.D.N.Y. July 22, 2024).

---

[2]  USC offers a 2.5 week "Maymester" class, "Contemporary Art in New York City," but the class is not affiliated with or sponsored by USC athletics. Mauro Decl. ¶ 15.

"A court may assert general jurisdiction over a foreign defendant to hear any and all claims against that defendant only when the defendant's affiliations with the State in which the suit is brought 'are so constant and pervasive so as to render it essentially at home in the forum State.'" *Chassman v. Bezzabeh*, 15-CV-4869, 2016 WL 7174669, at *2 (S.D.N.Y. Dec. 7, 2016) (Woods, J.) (citing *Waldman v. Palestinian Liberation Org.*, 835 F.3d 317, 331 (2d Cir. 2016) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014))). "Specific jurisdiction, on the other hand, depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and therefore subject to the State's regulation." *Id*. at *4-5 (citing *Waldman*, 835 F.3d at 331 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011))).

### A.    USC is not "at home" in New York and is therefore not subject to general jurisdiction.

USC is not subject to general jurisdiction in New York because it is not "at home" in New York and does not otherwise have such continuous and systematic contacts with the State of New York to subject it to general jurisdiction. Rather, as alleged in the Complaint, USC is "at home" in California, where it is incorporated and where its principal place of business, campuses, and athletic teams are located. Doc. No. 1 ¶¶ 29, 48; Mauro Decl. ¶¶ 4-6.

A defendant is only subject to general jurisdiction if its contacts with the state are so "continuous and systematic" that it is essentially "at home" in that state. *Gucci America, Inc. v. Weixing Li*, 768 F.3d 122, 135 (2d Cir. 2014); CPLR 301. A corporation is "at home" in its state of incorporation and the state where it maintains its principal place of business. *Daimler AG*, 571 U.S. at 137. Because USC is incorporated under the laws of California, with its principal place of business in Los Angeles, USC is "at home" in California, *not* New York. Doc. No. 1 ¶ 29; Mauro Decl. ¶¶ 4-5.

Plaintiffs have not alleged that USC otherwise has such continuous and systematic contacts with New York to render it "at home" in New York. *See BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017) (a corporation is only subject to general jurisdiction outside its place of incorporation and principal place of business in "exceptional" cases). Indeed, USC is not registered to do business in New York and has no registered agent in New York. Mauro Decl. ¶¶ 11-12. USC does not have a campus in New York, owns no real property in New York, and has no offices in New York. Mauro Decl. ¶¶ 13-14, 16. While Plaintiffs allege USC maintains a "University Advancement" Office in New York (Doc. No. 1 ¶ 32), that office was recently closed due to limited use and, in any event, had no connection to the USC athletics department or programs referenced in the Complaint. Mauro Decl. ¶ 16. The type of contacts Plaintiffs allege, such as organizing events in New York, maintaining an alumni club in New York, and participating in a "media rights agreement" that allows USC athletic competitions to be broadcast in New York (and throughout the country), are not the type of continuous and systematic contacts that would render USC "at home" in New York. Doc. No. 1 at ¶¶ 33-35. If they were, USC and most universities would be subject to general jurisdiction in every state.

"A large number of federal courts, including ones within this district, have had the opportunity to consider whether a university or college may be deemed 'at home' outside of its state of incorporation or principal place of operation." *Thackurdeen v. Duke Univ.*, 130 F. Supp. 3d 792, 800 (S.D.N.Y. 2015), *aff'd*, 660 Fed. Appx. 43 (2d Cir. 2016). Those courts have repeatedly held that universities, like USC, are not subject to general jurisdiction outside of their state of incorporation or the location of their campus. *See, e.g.*, *id*. (Duke University was not subject to general jurisdiction in New York); *Meyer v. Bd. of Regents*, 13-CV-3128, 2014 WL 2039654, at *4 (S.D.N.Y. May 14, 2014) (University of Oklahoma was not subject to general

jurisdiction despite the fact that it recruited students from New York, solicited donations from New Yorkers, and had an exchange program with New York University).

"In other words, a university or college cannot be deemed 'at home' in a forum merely because it engages in the sort of minimal and sporadic contact with the state that is common to all national universities." *Thackurdeen*, 130 F. Supp. 3d at 799-800 (citing *Gehling v. St. George's Sch. of Med., Ltd.*, 773 F.2d 539, 542 (3d Cir. 1985)). As a result, federal courts routinely reject arguments that the types of contacts identified by Plaintiffs are sufficient to establish general jurisdiction over a university. *See, e.g.*, *Richards v. Duke Univ.*, 480 F. Supp. 2d 222, 230 (D.D.C. 2007) (recruiting students, raising funds, participating in events, hosting faculty, and conducting government relations and lobbying in the District of Columbia was insufficient to establish general jurisdiction); *Kurzon LLP v. Thomas M. Cooley Law Sch.*, 12-CV-8352, 2014 WL 2862609, at *4 (S.D.N.Y. June 24, 2014) (no general jurisdiction where Michigan law school solicited donations from New York alumni, solicited business in New York, sent representatives to school fairs in New York, and offered a small number of externships in New York); *Isaacs v. Trs. of Dartmouth College*, 13-CV-5708, 2014 WL 4186536, at *12 (E.D. Pa. Aug. 25, 2014) ("Like all national universities, Dartmouth College maintains some contacts with the state including securities held by a bank headquartered in Pennsylvania, the recruiting of athletes and faculty living in the state, access to its website from within the state, and the admission and enrollment of students coming from the state. These de minimis contacts, which any national university may have with the state of Pennsylvania, are inadequate to establish general personal jurisdiction in this district.") *aff'd sub nom.*, 608 Fed. App'x 70 (3d Cir. 2015); *Weil v. Am. Univ.*, 07-CV-7748, 2008 WL 126604, at *4 (S.D.N.Y. Jan. 2, 2008) (no general jurisdiction where American University had no contacts with New York beyond those "commonly engage[d]" in by universities and colleges).

In fact, in a recent decision, a Court in this District found that "that there is no basis to assert general, specific, or statutory jurisdiction over" the University of Southern California Gould School of Law. *See LLM Bar Exam, LLC v. Barbri, Inc.*, 271 F. Supp. 3d 547, 574 n.8 (S.D.N.Y. 2017), *aff'd*, 922 F.3d 136 (2d Cir. 2019). There is no reason to arrive at a different conclusion in the instant action. Accordingly, USC is not subject to general jurisdiction in New York.

### B.    USC is not subject to specific jurisdiction because Plaintiffs' claims do not arise from USC's alleged contacts with New York.

USC is also not subject to specific jurisdiction in New York. To establish specific personal jurisdiction over USC, Plaintiffs must demonstrate that (i) their claims "aris[e] from" one of four specific kinds of contact with New York set forth in N.Y. CPLR § 302; and (ii) the Court's exercise of personal jurisdiction comports with due process. *See Thackurdeen*, 130 F. Supp. 3d at 798, 801. While Plaintiffs identify some sporadic contacts between USC and New York in the Complaint, *none* of those contacts relate to the social media posts at issue. Plaintiffs have therefore failed to allege facts establishing specific jurisdiction, and their claims should be dismissed.

Pursuant to New York's long-arm statute, CPLR 302, New York courts may exercise personal jurisdiction over a non-resident defendant who:

> (1) transacts any business within [New York] or contracts anywhere to supply goods or services in [New York];
>
> (2) commits a tortious act within [New York]…;
>
> (3) commits a tortious act [outside of New York] causing injury to person or property within [New York], if he: (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in [New York], or (ii) expects or should reasonably expect the act to have consequences in [New York] and derives substantial revenue from interstate or international commerce; or
>
> (4) owns, uses, or possesses any real property situated within [New York].

CPLR 302(a); *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 249 (2d Cir. 2007). However, jurisdiction can only be exercised under the long-arm statute when the cause of action *arises from* one or more of these enumerated acts. *Kee v. Detroit Lions, Inc*., 24-CV-223, 2025 WL 965786, at *3 (S.D.N.Y. Mar. 30, 2025) ("It is axiomatic that N.Y. C.P.L.R. § 302 provides only specific jurisdiction over a nondomiciliary defendant 'arising out of particular acts.'").

Initially, USC is not subject to specific jurisdiction in New York because Plaintiffs do not plausibly allege that their claims "arise from" USC's alleged contacts with New York. *Id.* (dismissing copyright claims for lack of personal jurisdiction because the plaintiff did not plausibly allege that the claims arose out of the defendants' contacts with New York). Instead, Plaintiffs admit that USC's alleged infringement occurred "outside of New York." Doc. No. 1 ¶ 34. Any alleged connections between the copyright claims and USC's alleged contacts with New York are "merely coincidental" and thus "insufficient to support jurisdiction." *Best Van Lines*, 490 F.3d at 249. Although the inquiry can end here, USC is likewise not subject to specific jurisdiction under the enumerated provisions of CPLR 302(a), as discussed below.

### 1.    USC is not subject to jurisdiction under CPLR 302(a)(1).

USC is not subject to specific jurisdiction pursuant to CPLR 302(a)(1) because Plaintiffs' claims do not arise from USC's specific transactions or contracts to supply goods or services within New York. "To determine the existence of jurisdiction under section 302(a)(1), a court must decide (1) whether the defendant 'transacts any business' in New York and, if so, (2) whether this cause of action 'aris[es] from' such a business transaction." *Thackurdeen*, 130 F. Supp. 3d at 801 (alterations in original) (quoting *Best Van Lines*, 490 F.3d at 246). A claim only "arises from" a business transaction in New York where "there is an articulable nexus, or a substantial relationship, between the claim asserted and the actions that occurred in New York." *Id*.

Plaintiffs fail to plead any facts establishing an "articulable nexus" or a "substantial relationship" between their copyright infringement claims and USC's alleged business transactions in New York. *See Creative Photographers, Inc. v. Grupo Televisa, S.A.B.*, 23-CV-7106, 2025 WL 388401, at *7 (S.D.N.Y. Feb. 4, 2025) (dismissing copyright claims for lack of personal jurisdiction). Plaintiffs' conclusory allegation that USC "transacts substantial business within New York" (Doc. No. 1 ¶ 32) is insufficient to establish jurisdiction. *Id.* (conclusory allegations "cannot support a finding of personal jurisdiction"). Plaintiffs allege that USC maintains a "University Advancement" office in New York City,[3] conducts academic programs and recruiting efforts in New York, generates revenue from New York residents, and participates in media rights agreements allowing USC's athletic competitions to be broadcast in New York. Doc. No. 1 ¶ 32–33. These allegations are insufficient to subject USC to personal jurisdiction pursuant to CPLR 302(a)(1) because Plaintiffs' claims do not arise from any of those alleged activities. *See Best Van Lines*, 490 F.3d at 246 (court lacked personal jurisdiction pursuant to § 302(a)(1) because plaintiffs showed no "articulable nexus" or "substantial relationship" between the alleged business transacted in New York and the cause of action asserted); *Multi Access Ltd.*, 2024 WL 3498180, *4 (allegations based on "information and belief" are not enough to show personal jurisdiction).

Importantly, Plaintiffs admit that USC's alleged infringement occurred "outside of New York." Doc. No. 1 ¶ 34. Given this admission and Plaintiffs' failure to plead facts demonstrating an articulable nexus between USC's alleged business transactions in New York and Plaintiffs' copyright infringement claims, Plaintiffs have failed to establish that USC is subject to personal jurisdiction pursuant to CPLR 302(a)(1). *See Creative Photographers*, 2025 WL 388401, at *9-10

---

[3] USC owns no real property in New York and has no offices in New York. Mauro Decl. ¶ 14, 16. Because of its limited usage, USC closed and no longer maintains a "University Advancement" office in New York. Mauro Decl. ¶ 16.

(plaintiff failed to assert personal jurisdiction in copyright case under § 302(a)(1)); *Forstech Technical Nigeria Ltd. v. The Shell Petroleum Dev't Co. of Nigeria Ltd.*, 24-CV-7629, 2025 WL 1435203, at \*5 (S.D.N.Y. May 19, 2025) (court lacked personal jurisdiction because the plaintiff failed to show how its claims were "linked" to business transactions in New York). Further, USC is not aware of—and Plaintiffs do not allege—facts suggesting that any of the alleged social media posts emanated from New York or targeted the New York market, further negating personal jurisdiction.

### 2.    USC is not subject to jurisdiction under CPLR 302(a)(2).

USC is not subject to specific jurisdiction pursuant to CPLR 302(a)(2) because Plaintiffs do not (and cannot) plead that USC committed a tortious act while physically present in New York. The Second Circuit strictly adheres to the rule that a "defendant's physical presence in New York is a prerequisite to jurisdiction under [CPLR] 302(a)(2)." *Bank Brussels Lambert*, 171 F.3d at 790; *see also Thackurdeen*, 130 F. Supp. 3d at 803; *DirecTV Latin Am., LLC v. Park 610, LLC*, 691 F. Supp. 2d 405, 418 (S.D.N.Y. 2010) ("New York courts and the Second Circuit have consistently interpreted [CPLR] 302(a)(2) jurisdiction narrowly and have held that to qualify for jurisdiction under this subsection, a defendant's act or omission must have occurred within the State.") (cleaned up) (collecting cases); *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 01-CV-1574, 2002 WL 719471, at \*3 (E.D.N.Y. Mar. 15, 2002) ("[T]o establish jurisdiction under this section, a person must be physically present within the state when the tortious act is committed.").

Plaintiffs plead that the alleged infringement occurred "outside of New York," Doc. No. 1 ¶ 34, and there is no allegation in the Complaint that USC committed any torts while physically within New York State, negating specific jurisdiction pursuant to CPLR 302(a)(2). *Id.*

### 3.    USC is not subject to jurisdiction under CPLR 302(a)(3)(i).

While Plaintiffs do not appear to advance the theory that the exercise of personal jurisdiction would be proper pursuant to CPLR 302(a)(3)(i), there is undoubtedly no jurisdiction pursuant to that subsection because Plaintiffs do not allege facts showing that USC derived "substantial revenue from goods used or consumed or services rendered" in New York.  In order to properly plead jurisdiction pursuant to CPLR 302(a)(3)(i), Plaintiffs would need to allege that USC derived "substantial revenue from sales to a New York entity" and "that the associated goods are 'used or consumed' in New York." *Ball v. Metallurgie Hoboken-Overpelt, S.A*., 902 F.2d 194, 200 (2d Cir. 1990).  There are simply no allegations that USC has derived substantial revenue from goods consumed or services rendered in New York, much less that Plaintiffs' claims arose from such activities. *See, e.g., Young v. Mallet*, 49 A.D.2d 528, 529 (1st Dep't 1975) (per curiam) (dismissing a suit against an out-of-state author, observing that "books are not used or consumed nor are they services rendered").

### 4.    USC is not subject to jurisdiction under CPLR 302(a)(3)(ii).

USC is also not subject to specific jurisdiction pursuant to CPLR 302(a)(3)(ii). Plaintiffs' pre-motion letter response suggests that Plaintiffs will advance the theory that the exercise of personal jurisdiction is proper pursuant to CPLR 302(a)(3)(ii) because "USC derives substantial interstate revenue from interstate commerce and expects or should reasonably expect its acts to have consequences in New York…"  Doc. No. 24, p. 2. To establish long-arm jurisdiction pursuant to CPLR 302(a)(3)(ii), a plaintiff is required to plead facts establishing the following five elements: "[i] that defendant committed a tortious act outside the state; [ii] that the cause of action arises from that act; [iii] that the act caused injury to a person or property within the State; [iv] that defendant expected or should reasonably have expected the act to have consequences in the State; and [v] that defendant derived substantial revenue from interstate or international commerce." *See*

*In re Sumitomo Copper Litig.*, 120 F. Supp. 2d 328, 341 (S.D.N.Y. 2000) (citing *LaMarca v. Pak-Mor Mfg. Co.*, 95 N.Y.2d 210, 214 (2000)); *Troma Entm't, Inc. v. Centennial Pictures Inc.*, 729 F.3d 215, 218 (2d Cir. 2013). Plaintiffs fail to plausibly plead facts showing at least the third and fourth elements necessary to establish jurisdiction pursuant to CPLR 302(a)(3).

Plaintiffs have failed to allege that USC's conduct caused an injury within New York State. "In determining whether there is injury in New York sufficient to warrant [CPLR] 302(a)(3) jurisdiction [courts] must generally apply a situs-of-injury test, which asks them to locate the 'original event which caused the injury.'" *Thackurdeen*, 130 F. Supp. 3d at 806 (citing *Bank Brussels Lambert*, 171 F.3d at 791). "[T]he situs of the injury is the location of the original event which caused the injury, not the location where the resultant damages are subsequently felt by the plaintiff." *Id.* (quoting *Mareno v. Rowe*, 910 F.2d 1043, 1046 (2d Cir. 1990)). "In other words, the situs of injury is where the critical events associated with the dispute occurred." *Id.* (quoting *Int'l Telecom, Inc. v. Generadora Electrica Del Oriente, S.A.*, 00-CV-8695, 2002 WL 1072230, at *2 (S.D.N.Y. May 28, 2002)).

Importantly, an injury "does not occur within the state simply because the plaintiff is a resident." *Mareno*, 910 F.2d at 1046; *see also Bramwell v. Tucker*, 107 A.D.2d 731, 732-33, 484 N.Y.S.2d 92 (2d Dep't 1985)) (holding that "mere residence or domicile in New York of an injured plaintiff does not constitute injury within the state for the purpose of establishing jurisdiction under CPLR 302(a)(3) where the injury occurred elsewhere"). This rule is necessary and logical, because if an "injury" were deemed to have "occurred in New York" simply due to a plaintiff's residence in New York, then effectively all tort cases with New York plaintiffs would subject the defendant to long-arm jurisdiction pursuant to CPLR 302(a)(3). *See Bramwell*, 107 A.D.2d at 733 ("[T]o hold otherwise would open a veritable Pandora's box of litigation subjecting every conceivable

13

prospective defendant involved in an accident with a New York domiciliary to defend against actions brought against them in the state of New York."). Instead, "[t]he thrust of the statute is directed to the 'imparting of the original injury within the State of New York and not the resultant damage, in order that jurisdiction might be effectuated.'" *Domond v. Great Am. Rec., Inc.*, 116 F. Supp. 2d 368, 373 (E.D.N.Y. 2000) (citing *Bramwell*, 107 A.D.2d at 733).

There are no allegations in the Complaint to support a finding that New York is the "situs of injury"—"where the critical events associated with the dispute occurred." *Int'l Telecom, Inc.*, 2002 WL 1072230, at *2. While Plaintiffs allege several contacts between USC and New York, none of those alleged contacts are "critical events associated with the dispute." *Id.* Plaintiffs allege that "(1) USC's athletic competitions broadcast into New York are part of the same integrated marketing strategy as the infringing videos, both designed to enhance USC's brand and generate revenue (Doc. No. 1 ¶ 33); (2) USC's "Advancement Office" in New York[4] solicits donations from New York residents that directly support the athletics programs featured in the videos (*id.* ¶ 32); (3) USC's fundraising operations in New York benefit from the enhanced brand value created by the infringing videos (*id.* ¶¶ 48-54); and (4) USC creates videos to drive viewers to its website where they can purchase tickets and merchandise, with New York residents among the targeted audience (*id.* ¶¶ 33, 67). Doc. No. 24, p. 2. But these are nothing more than conclusory allegations unsupported by facts tying USC's New York contacts to the social media posts at issue. *See Gmurzynska*, 257 F.Supp.2d at 625 (conclusory allegations are "not enough to establish personal jurisdiction"). In fact, Plaintiffs admit the alleged infringement occurred "outside of New York" (Doc. No. 1 ¶ 34). And all USC personnel with access credentials to USC athletics social media accounts referenced in the Complaint, as well as USC's student athletes, athletic programs,

---

[4]    As explained above, USC moved out of the office and closed it on March 10, 2025, and the office was not part of USC's athletics department. Mauro Decl. ¶ 16.

coaches, staff, and marketing personnel are based in California. Mauro Decl. ¶¶ 6-7. The New York contacts alleged by Plaintiffs therefore cannot support a finding of jurisdiction pursuant to CPLR 302(a)(3)(ii).

Plaintiffs also argue that "Sony Music articulates a non-speculative and direct injury, permitting the Court to properly exercise jurisdiction over Defendant." Doc. No. 24, p. 3 (citing Doc. No. 1 ¶ 41, 43). Courts have found that intellectual property infringement plaintiffs seeking to invoke CPLR 302(a)(3)(ii) must allege facts demonstrating a "non-speculative *and* direct *New York-based* injury" to their intellectual property rights. *See Troma Entm't, Inc. v. Centennial Pictures Inc.*, 729 F.3d 215, 220 (2d Cir. 2013) (emphasis added). Here, Plaintiffs' allegations are nothing more than garden-variety damages that could be asserted by any copyright holder:

- "Sony Music's financial incentives to invest in artists and their music flow directly from the protections afforded by copyright laws, and the revenues Sony Music earns from the sound recordings that it owns or controls, which include revenues from licensing recordings for use in social media posts." Doc. No. 1 ¶ 41.

- "Licensing the use of sound recordings, including for use in internet-based media, is a substantial revenue driver for all music companies, including Sony Music, especially over the last decade." Doc. No. 1 ¶ 43.

In fact, Plaintiffs effectively admit that these are garden-variety damages by conceding that "licensing"—which is the source of Plaintiffs' alleged damages— "is a substantial revenue driver *for all music companies*." Doc. No. 1 ¶ 43 (emphasis added).

"It is well-settled that 'Residence or domicile of the injured party within [New York] is not a sufficient predicate for jurisdiction' under section 302(a)(3)." *Troma Entm't, Inc.*, 729 F.3d at 218 (quoting *Fantis Foods, Inc. v. Standard Importing Co.*, 49 N.Y.2d 317, 326 (1980)). As a result, the Second Circuit has "rejected as insufficient to support the exercise of jurisdiction over a defendant allegations of 'remote or consequential injuries such as lost commercial profits which occur in New York only because the plaintiff is domiciled or doing business here.'" *Id.* Plaintiffs

allegation that they will suffer economic harm in New York because Plaintiffs happen to be based in New York is therefore insufficient to establish personal jurisdiction over USC.

In *Troma*, the Court found a copyright infringement plaintiff failed to establish personal jurisdiction over two California-based defendants where, like here, the New York-based plaintiff alleged "generalized harm (i.e., statutory damages as a result of [defendants'] willful infringement) to its exclusive distribution right." 729 F.3d at 220. Just like the Second Circuit in *Troma*, this Court should find that the "assertion of such an injury, in light of the allegations in its complaint, is far too speculative to support a finding that [plaintiff] suffered injury in New York within the meaning of section 302(a)(3)(ii)." *Id.* at 218, 220 ("[T]he suffering of economic damages in New York is insufficient, alone, to establish a direct injury in New York for [CPLR] 302(a)(3) purposes") (internal quotation omitted); *see also Creative Photographers*, 2025 WL 388401, at *7, 11–13 (plaintiff did not establish personal jurisdiction under § 302(a)(3) because it failed to identify a sufficient New York-based copyright injury); *Lehigh Valley Indus. v. Birenbaum*, 527 F.2d 87, 94 (2d Cir. 1975) ("section 302(a)(3) is not satisfied by remote or consequential injuries such as lost commercial profits which occur in New York only because the plaintiff is domiciled or doing business here"); *American Eutectic Welding Alloys Sales Co. v. Dytron Alloys Corp.*, 439 F.2d 428, 433 (2d Cir. 1971) (rejecting as insufficient "harm in New York in the sense that any sale lost anywhere in the United States affects [the plaintiff's] profits").

Similarly, in *Freeplay Music, LLC v. Dave Arbogast Buick-GMC, Inc.*, the Court applied CPLR 302(a)(3)(ii) to claims of copyright infringement arising from conduct that is nearly identical to the allegations set forth in Plaintiffs' Complaint. 16-CV-442, 2017 WL 449913, at *5-7 (S.D.N.Y. Jan. 18, 2017). In *Freeplay Music*, the plaintiff alleged that the defendant (an Ohio business that conducted business throughout the country, including with New York residents)

"posted 279 videos to YouTube or other Internet sites; collectively, the videos incorporated twenty-three songs or sound recordings copyrighted by Freeplay." *Id*. at *1. The Court specifically considered whether the fact that the alleged infringing videos were uploaded to YouTube—and could be viewed nationwide and worldwide—would change the result from that reached by the Second Circuit in *Troma*. *Id*. at *6. The Court found that in a case where allegedly infringing songs are merely included in the defendants' social media videos, the plaintiff does not suffer "direct injury" in New York. *Id*. at *6—*7. The Court reasoned that to find otherwise "would mean that posting copyrighted material to the Internet for any purpose—such as posting a copyrighted photo to Instagram or Facebook—would automatically cause an in-state injury to a New York copyright holder. We do not believe that the Court of Appeals intended such a broad result." *Id*. at *7.

Here, the Court should follow the Second Circuit's reasoning in *Troma* and the Court's reasoning in the closely-analogous *Freeplay Music* and conclude that Plaintiffs have not established personal jurisdiction pursuant to CPLR 302(a)(3)(ii). *See also Foster v. Price*, 22-CV-02031, 2025 WL 974604, at *3 (E.D.N.Y. Mar. 31, 2025) (dismissing copyright claims for lack of personal jurisdiction pursuant to CPLR 302(a)(ii) because posting allegedly infringing photos to social media is insufficient to establish a "direct injury" to a New York plaintiff); *Hanover v. One Commc'ns (Guyana) Inc*., 24-CV-6637, 2025 WL 948116, at *9 (E.D.N.Y. Mar. 28, 2025) (dismissing copyright claims for lack of personal jurisdiction pursuant to CPLR 302(a)(ii), because streaming alleged infringing content over Facebook is insufficient to establish a "direct injury" to a New York plaintiff); *accord Freeplay Music, LLC v. Nian Infosolutions Priv. Ltd.*, 2018 WL 3639929, at *11 (S.D.N.Y. July 10, 2018); *Freeplay Music, LLC v. RIGOL Techs. USA, Inc*., 16-CV-5883, 2020 WL 564232, at *7 (S.D.N.Y. Feb. 4, 2020); *Creative Photographers, Inc. v. Televisa, S.A.B*., 23-CV-7106, 2024 WL 1533189, at *12 (S.D.N.Y. Apr. 8, 2024).

Plaintiffs also fail to allege facts establishing that it was "reasonably foreseeable" that USC's conduct would cause injury in New York. *See Royalty Network Inc. v. Dishant.com, LLC*, 638 F. Supp. 2d 410, 424-25 (S.D.N.Y. 2009). The "reasonable foreseeability" requirement demands that a defendant's conduct and connection with the forum state be such that he should "reasonably anticipate being haled into court there." *Id*. To make such a showing, New York courts require "tangible manifestations" of a defendant's intent to target New York and "concrete facts known to the nondomiciliary that should have alerted it" to the possibility of being brought before a New York court. *Id*. at 424.

Plaintiffs assert insufficient conclusory allegations that "USC expects or should reasonably expect its acts to have consequences in New York" and that "USC knows its activities had an impact outside of California, including directly affecting Sony Music in New York." Doc. No. 1 ¶ 34; *Iqbal*, 556 U.S. at 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). Plaintiffs' reliance on "sheer speculation" that USC intended, or even knew of, potential consequences in New York does not establish foreseeability. *See Royalty Network*, 638 F. Supp. 2d at 425 (plaintiff failed to plead reasonably foreseeable harm in New York because it did not identify "evidence of a purposeful New York affiliation" or "discernable effort to directly or indirectly serve the New York market").

Thus, Plaintiffs have failed to establish personal jurisdiction pursuant to CPLR 302(a)(3)(ii). *See Berdeaux v. OneCoin Ltd*., 561 F. Supp. 3d 379, 409 (S.D.N.Y. 2021) ("[A]bsent allegations of concrete facts known to the defendant that would have led him to foresee being sued in New York or tangible manifestations of his intent to target New York, a court may not exercise personal jurisdiction over a nondomiciliary under 302(a)(3).").

### 5.    USC is not subject to specific jurisdiction pursuant to CPLR 302(a)(4).

USC is not subject to personal jurisdiction pursuant to CPLR 302(a)(4), because this

dispute does not arise from USC's ownership, use, or possession of New York real property. *See, e.g., Donner v. Der Spiegel GmbH & Co. KG*, 747 F. Supp. 3d 681, 694 (S.D.N.Y. 2024) (to assert personal jurisdiction under CPLR 302(a)(4), defendant must own, use, or possess real property within New York, and "the plaintiff's cause of action must arise out of the fact of ownership, use or possession of New York realty"). USC, in fact, owns now real property in New York, negating jurisdiction under this section. Mauro Decl. ¶ 14.

### C.    Exercising personal jurisdiction over USC in New York would violate due process.

Even if personal jurisdiction could be exercised under the New York long-arm statute— which it cannot—the Complaint should nonetheless be dismissed for failure to satisfy due process. *See Int'l. Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Due process is only satisfied when (1) a defendant has sufficient "minimum contacts" with the forum *and* (2) exercising jurisdiction would comport with "traditional notions of fair play and substantial justice." *Am. Girl, LLC v. Zembrka*, 118 F.4th 271, 279 (2d Cir. 2024). Because neither consideration is met, subjecting USC to personal jurisdiction in New York would violate due process.

### 1.    USC does not have sufficient minimum contacts with New York.

Plaintiffs fail to show that USC has sufficient "minimum contacts" with New York. Minimum contacts are satisfied if a defendant "purposefully avails" itself of the privilege of doing business in the forum *and* could foresee being haled into court there. *Zembrka*, 118 F.4th at 279. When determining minimum contacts, courts consider "the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 284–85 (2014) (the defendant's contacts with residents in the forum state and the plaintiff's contacts with New York are irrelevant). The Complaint does not establish a sufficient relationship among USC, New York, and the instant dispute to satisfy due process. As explained above, Plaintiffs do not allege that their claims arise

from any contacts USC may have had with New York, but rather allege that the infringement occurred "outside of New York." Doc. No. 1 at ¶ 34. Indeed, USC personnel with access to the credentials to the USC athletics social media accounts identified in the Complaint are based in the Los Angeles area, where USC athletics social media accounts are managed. Mauro Decl. ¶ 7. And USC's athletics programs, student athletes, coaches, staff, and marketing personnel are likewise based in Los Angeles. Mauro Decl. ¶ 6. The Complaint alleges no facts establishing that the social media posts were created in, posted in, or specifically targeted at New York or the New York market. USC therefore lacks sufficient suit-related contacts with New York to support personal jurisdiction. *Walden*, 571 U.S. at 284 (to satisfy minimum contacts, a defendant's "suit-related conduct must create a substantial connection with the forum State.").

Moreover, USC has not "purposefully availed" itself of the privilege of doing business in New York. None of USC's athletic programs are based in New York. Mauro Decl. ¶ 6. USC is not registered to do business in New York and has no registered agent in New York. Mauro Decl. ¶¶ 11-12. USC does not have a campus in New York and owns no real property in New York. Mauro Decl. ¶¶ 13-14. And while USC once had a small office in New York, the office was closed due to limited activity and was not part of USC's athletics department. Mauro Decl. ¶ 16.

Further, because this case arose out of conduct in California and USC has limited ties to New York, it was not foreseeable for USC to be haled into court in New York in this case. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (foreseeability critical to due process considers whether "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there;" mere foreseeability of harm in the forum state is insufficient). After all, Plaintiffs admit that USC's alleged "copyright infringement [occurred] outside of New York." Doc. No. 1 ¶ 34. Plaintiffs have therefore failed to establish that

USC has sufficient minimum contacts with New York to support the exercise of specific jurisdiction.

### 2. The exercise of personal jurisdiction would not comport with traditional notions of fair play and substantial justice.

USC is additionally not subject to personal jurisdiction in New York because, even if minimum contacts existed, the exercise of jurisdiction would not comport with traditional notions of fair play and substantial justice. To satisfy USC's due process rights, the Court must determine that the assertion of personal jurisdiction "comports with 'traditional notions of fair play and substantial justice'—that is, whether it is reasonable under the circumstances of a particular case." *U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co., Ltd.*, 241 F.3d 135, 152 (2d Cir. 2001). Whether it is "reasonable" to exercise jurisdiction depends on "(1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies." *Zembrka*, 118 F.4th at 279. Under these factors, the assertion of personal jurisdiction over USC would be unreasonable.

Regarding the first factor, requiring USC, a California-based non-profit corporation and private university, to litigate this case across the country in New York would impose a substantial burden on USC. *See Dix v. Peters*, 374 F. Supp. 3d 213, 226 (N.D.N.Y. 2019), *aff'd*, 802 Fed. Appx. 25 (2d Cir. 2020) (exercising jurisdiction over non-resident corporation would "impose an undue burden"). All of the witnesses USC presently anticipates calling at trial work at USC's Los Angeles campuses and live in the Los Angeles area. Mauro Decl. ¶ 8. The evidence and documents USC intends to rely on at trial, such as electronic and physical documents related to the videos at issue, are located on or managed electronically from USC's campus in Los Angeles. Mauro Decl.

¶ 10. USC witnesses would be required to take time off work and/or school to travel to New York for the trial, and USC would be required to incur substantial costs related to travel and lodging. Mauro Decl. ¶ 9.

As to the second factor, California has an interest in this case because it is based on alleged conduct that took place in California involving a California university's use of California-based social media platforms. *See Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 574 (2d Cir. 1996) (interests of the forum factor weighed "heavily" against the reasonableness of exercising jurisdiction in Vermont over a suit arising from events that occurred elsewhere); Lambert Decl., Exs. B-1, B-3, B-6. (TikTok, Meta, and YouTube are located in California).

Considering the third factor, Plaintiffs are able to obtain just as effective relief in California as they could in New York, and Plaintiffs' Complaint does not demonstrate that litigating in California, which is a focal point of the music industry, would be inconvenient for them. Any convenience to Plaintiffs of litigating in New York should not be given much weight, as "[d]ue process limits on the State's adjudicative authority principally protect the liberty of the nonresident defendant—not the convenience of plaintiffs or third parties." *Walden*, 571 U.S. at 1122.

Under the fourth factor, the most efficient resolution of the controversy would occur in California, where witnesses and evidence are likely to be located. *Id.*; Mauro Decl. ¶¶ 8, 10. Because Plaintiffs could have brought their federal copyright claims in any jurisdiction, including California, the final factor regarding the shared interests of the states in furthering substantive social policies is neutral. *See Aero AG Holdings, LLC v. Huggoes Fashion LLC*, 21-CV-9499, 2022 WL 6244439, at *13 (S.D.N.Y. July 5, 2022), *report and recommendation adopted*, 21-CV-9499, 2022 WL 4463896 (S.D.N.Y. Sept. 26, 2022). Considering these factors together, exercising jurisdiction over USC in New York would be neither fair nor reasonable.

## II.    <u>Venue is improper in this District.</u>

The Complaint should also be dismissed pursuant to Fed. R. Civ. P. 12(b)(3) because (i) USC does not "reside" in this District, (ii) a "substantial" part of the events giving rise to this action did not occur in this District, and (iii) there is another district—the Central District of California—where this action could have been brought.  28 U.S.C. § 1391(b). On a Rule 12(b)(3) motion to dismiss for improper venue, the plaintiff bears the burden of showing that venue is proper. *P.C. v. Driscoll*, 24-CV-2496, 2025 WL 104522, at *4 (S.D.N.Y. Jan. 15, 2025). When deciding a motion to dismiss for improper venue, courts may examine facts outside the complaint to determine whether venue is proper. *Id.*

Plaintiffs allege that venue is proper pursuant to 28 U.S.C. § 1391(b)(2) and 28 U.S.C. § 1400(a). Doc. No. 1 ¶ 36. However, Plaintiffs have not established that venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiffs fail to plead facts showing that a "substantial" part of USC's activities giving rise to this case occurred in this District. *See Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 432 (2d Cir. 2005) (courts focus on the relevant activities of the defendant, not the plaintiff, under § 1391(b)(2)). Instead, Plaintiffs concede that USC's alleged infringement occurred "outside of New York." Doc. No. 1 ¶ 34. Specifically, each of the athletic programs featured in the videos, including the student athletes, coaches, staff, and any marketing personnel, are based in Los Angeles. Mauro Decl. ¶ 6. USC personnel with access to the credentials to the social media accounts identified in the Complaint are based in the Los Angeles area. Mauro Decl. ¶ 7. Accordingly, Plaintiffs fail to establish that any part of the events or omissions giving rise to their claims—much less a substantial part—occurred in New York. *See Gaines, Emhof, Metzler & Kriner v. Nisberg*, 843 F. Supp. 851, 854 (W.D.N.Y. 1994) (venue improper when plaintiff fails to allege that events giving rise to copyright claim occurred in the district).

Venue is also improper pursuant to 28 U.S.C. § 1400(a) because, as explained above, USC is not subject to personal jurisdiction in New York and does not reside in New York. *See John Wiley & Sons, Inc. v. Swancoat*, 8-CV-5672, 2009 WL 2486048, at *1 (S.D.N.Y. Aug. 14, 2009) (a defendant "may be found" under 28 U.S.C. § 1400(a) in any district in which he is subject to personal jurisdiction).

## III.    Plaintiffs fail to state claims for vicarious and contributory copyright infringement.

Plaintiffs' vicarious and contributory copyright infringement claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiffs fail to plead the elements of either claim. "Contributory infringement applies where a defendant '*induces*, causes or materially contributes to the infringing conduct *of another*' with '*knowledge* of the infringing activity.'" *Stelzer v. Wang L. Office, PLLC*, 23-CV-4264, 2024 WL 4836299, at *7 (E.D.N.Y. Nov. 20, 2024) (emphasis added) (quoting *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 117 (2d Cir. 2010)). Thus, to properly plead a secondary copyright infringement claim, a plaintiff must allege direct infringement by "another party," knowledge, and inducement. *See Laine v. Pride*, N09–CV–3057, 2010 WL 199927, at *7 (S.D.N.Y. Jan. 19, 2010) (dismissing contributory infringement claim because plaintiff did not allege direct infringement by "another party"); *Wu v. John Wiley & Sons, Inc.*, 14-CV-6746, 2015 WL 5254885, at *13 (S.D.N.Y. Sept. 10, 2015) (plaintiff cannot establish secondary copyright infringement claim without alleging that the defendant was "responsible for the alleged acts of copyright infringement *by others*") (emphasis added).

As an initial matter, Plaintiffs have failed to plead a claim for vicarious or contributory infringement because they have failed to plead direct infringement by a third party, much less identify what third party they contend has directly infringed. *See* Doc. No. 1 at ¶¶ 103-122.

Plaintiffs additionally fail to plausibly allege a claim for vicarious copyright infringement because Plaintiffs have failed to plead facts showing that USC profited from any such direct

infringement by a third party and that USC declined to exercise a right to stop such direct infringement. *Bus. Casual Holdings, LLC*, 2022 WL 837596, at *6 (citing *Lopez*, 2019 WL 5199431, at *23) ("A defendant is liable for vicarious copyright infringement if it profits from direct infringement while declining to exercise a right to stop or limit it."). Accordingly, Plaintiffs have failed to state a claim for vicarious infringement. *See id*. (dismissing vicarious copyright infringement claim); *Diaz*, 2024 WL 3425710, at *12 (plaintiff did not adequately plead vicarious infringement where defendant uploaded alleged infringing content to online streaming services).

Plaintiffs have also failed to plausibly alleged facts establishing contributory infringement because they fail to plead facts showing that USC substantially participated in any third-party infringement. *Bus. Casual Holdings, LLC v. YouTube, LLC*, 21-CV-3610, 2022 WL 837596, at *5 (S.D.N.Y. Mar. 21, 2022) ("[t]he participation sufficient to establish a claim of contributory copyright infringement may not consist of merely providing the means to accomplish an infringing activity."). A Plaintiff pleading contributory infringement "must allege that the defendant substantially participated in the infringing act and acted in concert with the direct infringer." *Id*. (internal quotations omitted). "A mere allegation that the defendant provided the third party with the opportunity to engage in wrongful conduct is insufficient to survive a motion to dismiss." *Id*. Here, because Plaintiffs do not allege that USC substantially participated and acted in concert with a third party infringer, their contributory copyright infringement claim must be dismissed. *See id.*; *see A&M Records v. Napster, Inc*., 239 F.3d 1004, 1013 n.2 (9th Cir. 2000) ("Secondary liability for copyright infringement does not exist in the absence of direct infringement by a third party."); *Diaz v. Edi Korta, LLC*, 24-CV-20522, 2024 WL 3425710, at *10 (S.D. Fla. July 15, 2024) (plaintiff did not adequately plead contributory infringement where defendant merely uploaded allegedly infringing content to online streaming services, including Spotify, Apple Music, and

Pandora); *Epikhin v. Game Insight N. Am.*, 14-CV-04383, 2015 WL 2412357, at *4 (N.D. Cal. May 20, 2015) (dismissing contributory copyright infringement claim, in part, because "[p]laintiffs do not even identify the alleged third party infringers").

In sum, both claims must be dismissed because, apart from Plaintiffs' conclusory allegations, "there are no facts supporting the existence of any third parties, as both theories clearly require," or the other required elements of these claims. *See Lixenberg v. Complex Media, Inc.*, 22-CV-354, 2023 WL 144663, at *3 (S.D.N.Y. Jan. 10, 2023) (dismissing contributory and vicarious copyright infringement claims based on general allegations that defendant allegedly uploaded copyrighted work to "social media sites," together with "threadbare recitals of a cause of action's elements, supported by mere conclusory statements"); *McGucken v. Newsweek LLC*, 464 F. Supp. 3d 594, 610 (S.D.N.Y. 2020) (dismissing contributory and vicarious copyright infringement claims based on "no more than threadbare recitals of the elements of a cause of action," which "therefore fail to meet the pleading standards required by *Iqbal* and *Twombly*.").

## <u>CONCLUSION</u>

For the above reasons, USC respectfully requests that this Court dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2), (3), and (6).

Dated: June 6, 2025                             Respectfully submitted,

                                                HAYNES AND BOONE, LLP

                                       By: _/s/ Jason P. Bloom_____
                                                Richard D. Rochford
                                                Joseph Lawlor
                                                30 Rockefeller Plaza, 26th Floor
                                                New York, NY 10112
                                                Tel: (212) 659- 7300
                                                Fax: (212) 918-8989
                                                richard.rochford@haynesboone.com
                                                joseph.lawlor@haynesboone.com

                                                Jason Bloom (admitted *pro hac vice*)
                                                2801 N. Harwood Street
                                                Suite 2300
                                                Dallas, TX 75201
                                                Telephone: (214) 651-5655
                                                Facsimile: (214) 200-0396
                                                jason.bloom@haynesboone.com

                                                Michael J. Lambert
                                                98 San Jacinto Blvd., Suite 1500
                                                Austin, TX 78701
                                                Telephone: (512) 867-8400
                                                Facsimile: (512) 867-8470
                                                michael.lambert@haynesboone.com

                                                *Attorneys for Defendant University of*
                                                *Southern California*

## <u>CERTIFICATE OF COMPLIANCE WITH WORD COUNT LIMITATION</u>

Pursuant to Local Rule 7.1(c), the undersigned certifies that this Memorandum of Law, excluding the caption, index, table of contents, table of authorities, signature blocks, and required certificates, consists of 8,620 words, which was determined using Microsoft Word's word count function.

*/s/ Michael J. Lambert*
Michael J. Lambert