UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, ALAMO RECORDS, LLC, ARISTA MUSIC, ARISTA RECORDS, LLC, LAFACE RECORDS, LLC, RECORDS LABEL, LLC, ULTRA RECORDS, LLC, and ZOMBA RECORDING LLC,<br><br>Plaintiffs,<br><br>- against -<br><br>UNIVERSITY OF SOUTHERN CALIFORNIA<br><br>Defendant. | Case No: 1:25-cv-02042-GHW |

**DEFENDANT UNIVERSITY OF SOUTHERN CALIFORNIA'S
REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
<u>ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT</u>**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1
ARGUMENT .................................................................................................................................. 2
I.    USC is not subject to personal jurisdiction in New York. ................................................. 2
    A.    Plaintiffs fail to show that personal jurisdiction is proper under New York law. ................................................................................................................... 2
        1.    Plaintiffs fail to plausibly allege that USC is subject to specific jurisdiction pursuant to CPLR 302(a)(1). ................................................... 2
        2.    Plaintiffs fail to plausibly allege that USC is subject to specific jurisdiction pursuant to CLRC 302(a)(3)(ii). .............................................. 5
    B.    Exercising personal jurisdiction over USC in New York would violate due process. ................................................................................................................... 8
        1.    USC does not have sufficient minimum contacts with New York. ........... 8
        2.    The exercise of personal jurisdiction would be unreasonable. .................. 8
II.    Venue is improper in this District because USC is not subject to personal jurisdiction here. ................................................................................................................ 9
III.    Jurisdictional discovery is not warranted. ......................................................................... 9
IV.    Plaintiffs' vicarious and contributory infringement claims should be dismissed for failure to plausibly allege third-party infringement. ....................................................... 10
CONCLUSION ............................................................................................................................. 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*A&M Records v. Napster, Inc.*,
  239 F.3d 1004 (9th Cir. 2000) ...................................................................................................11

*Am. Girl, LLC v. Zembrka*,
  118 F.4th 271 (2d Cir. 2024) .........................................................................................................8

*Best Van Lines v. Walker*,
  490 F.ed 239 (2d Cir. 2007)......................................................................................................4, 9

*Blank Productions, Inc. v. Warner/Chappell Music, Inc.*,
  11-CV-927, 2013 WL 32806 (S.D.N.Y. Jan. 3, 2013) ................................................................11

*Carter v. Pallante*,
  256 F. Supp. 3d 791 (N.D. Ill. 2017) ..........................................................................................11

*Cole v. Blackwell Fuller Music Publ'g, LLC*,
  16-CV-7014, 2018 WL 4680989 (S.D.N.Y. Sept. 28, 2018) .......................................................2

*Creative Photographers, Inc. v. Grupo Televisa, S.A.B.*,
  23-CV-7106, 2025 WL 388401 (S.D.N.Y. Feb. 4, 2025).................................................4, 5, 6, 7

*D & R Glob. Selections, S.L. v. Bodega Olegario Falcon Pineiro*,
  78 N.E.3d 1172 (N.Y. 2017)........................................................................................................3

*Dix v. Peters*,
  374 F. Supp. 3d 213 (N.D.N.Y. 2019), *aff'd*, 802 Fed. Appx. 25 (2d Cir. 2020)......................8

*Forstech Technical Nigeria Ltd. v. The Shell Petroleum Dev't Co. of Nigeria Ltd.*,
  24-CV-7629, 2025 WL 1435203 (S.D.N.Y. May 19, 2025) ......................................................4

*Freeplay Music, LLC v. Rigol Techs. USA, Inc.*,
  18-CV-10980, 2020 WL 564232 ................................................................................................7

*Freeplay Music v. Dave Arbogast Buick-GMC, Inc.*,
  No. 16-CV-442, 2017 WL 449913 (S.D.N.Y. Jan. 18, 2017) .................................................6, 7

*Gmurzynska v. Hutton*,
  257 F. Supp. 2d 621 (S.D.N.Y. 2003)........................................................................................3

*Herlihy v. Sandals Resorts Int'l, Ltd.*,
  795 F. App'x 27 (2d Cir. 2019) ..................................................................................................9

*Hitachi Data Sys. Credit Corp. v. Precision Discovery, Inc.*,
   331 F. Supp. 3d 130 (S.D.N.Y. 2018)..................................................................................9

*Images (U.S.), Inc. v. Microsoft Corp.*,
   61 F. Supp. 3d 301 (S.D.N.Y.2014)....................................................................................11

*Kee v. Detroit Lions, Inc.*,
   24-CV-223, 2025 WL 965786 (S.D.N.Y. Mar. 30, 2025).....................................................4

*Laine v. Pride*,
   09–CV–3057, 2010 WL 199927 (S.D.N.Y. Jan. 19, 2010)................................................11

*McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani*,
   295 F. Supp. 3d 404 (S.D.N.Y. 2017)..................................................................................3

*Penguin Group (USA) Inc. v. Am. Buddha*,
   16 N.Y.3d 295, 304 (2011) ...............................................................................................5, 6

*Pickett v. Migos Touring, Inc.*,
   420 F. Supp. 3d 197, 204 (S.D.N.Y. 2019)..........................................................................3

*Royalty Network Inc. v. Dishant.com, LLC*,
   638 F. Supp. 2d 410 (S.D.N.Y. 2009)..................................................................................8

*Thackurdeen v. Duke Univ.*,
   130 F. Supp. 3d 801 (S.D.N.Y. 2015), *aff'd*, 660 Fed. Appx. 43 (2d Cir. 2016) ..................3, 5

*Troma Entm't, Inc. v. Centennial Pictures Inc.*,
   729 F.3d 215 (2d Cir. 2013)..................................................................................................6

*Universal Trading & Inv. Co. v. Credit Suisse (Guernsey) Ltd.*,
   560 Fed. App'x 52 (2d Cir. 2014).......................................................................................10

*Vista Food Exch., Inc. v. Champion Foodservice, LLC*,
   124 F. Supp. 3d 301 (S.D.N.Y. 2015)..................................................................................9

*Walden v. Fiore*,
   571 U.S. 277 (2014)..............................................................................................................8

*Wu v. John Wiley & Sons, Inc.*,
   14-CV-6746, 2015 WL 5254885 (S.D.N.Y. Sept. 10, 2015) ..............................................11

*Yash Raj Films (USA) Inc. v. Dishant.com LLC*,
   08-CV-2715, 2009 WL 4891764 (E.D.N.Y. Dec. 15, 2009)...............................................10

**Statutes**

28 U.S.C. § 1400(a) ...............................................................................................................1, 9

N.Y. CPLR § 302(a)(1) ................................................................................................................. *passim*

N.Y. CPLR § 302(a)(2) ............................................................................................................................2

N.Y. CPLR § 302(a)(3) ....................................................................................................................1, 4, 6

N.Y. CPLR § 302(a)(3)(i) ........................................................................................................................2

N.Y. CPLR § 302(a)(3)(ii) ...............................................................................................................2, 5, 6

N.Y. CPLR § 302(a)(4) ............................................................................................................................2

Defendant University of Southern California ("USC") files this Reply Memorandum of Law in Further Support of its Motion to Dismiss Plaintiffs' Complaint.

**PRELIMINARY STATEMENT**

Plaintiffs' Opposition to USC's Motion to Dismiss ("Opposition") cannot cure the fundamental flaws in the Complaint. Instead, Plaintiffs offer unavailing arguments and ignore critical issues presented in the Motion to Dismiss, thereby waiving them. Ultimately, the Opposition highlights the failure of Plaintiffs to plausibly allege sufficient facts to survive dismissal.

Plaintiffs contend only that USC is subject to specific personal jurisdiction pursuant to CPLR 302(a)(1) and 302(a)(3). But both arguments fail because Plaintiffs do not plausibly allege that their copyright infringement claims "arise from" USC's alleged contacts with New York, which is required under either provision. Plaintiffs cannot manufacture personal jurisdiction pursuant to CPLR 302(a)(1) by identifying USC's alleged activities in New York, such as alumni events, academic programs, and fundraising, which may be relevant to a *general* jurisdiction analysis, but do not establish that USC is subject to *specific* jurisdiction in this court. Nor can Plaintiffs establish personal jurisdiction pursuant to CPLR 302(a)(3), because Plaintiffs did not suffer a "direct injury" in New York, and it was not foreseeable that posting videos on social media in California would cause Plaintiffs injury in New York.

Not only is exercising jurisdiction improper under New York's long arm statute, but exercising personal jurisdiction over USC in New York would also violate due process because USC does not have sufficient "minimum contacts" with New York and the exercise of personal jurisdiction would be unreasonable.

Because USC is not subject to personal jurisdiction in New York, Plaintiffs' sole argument that venue is proper under 28 U.S.C. § 1400(a) also fails.

1

Moreover, jurisdictional discovery should be denied because Plaintiffs fail to establish a prima facie case of personal jurisdiction and fail to explain what specific discovery they need, in what form, and how it would uncover facts establishing personal jurisdiction.

Finally, Plaintiffs' claims for vicarious and contributory infringement should be dismissed because they fail to identify a third-party direct infringer.

## ARGUMENT

I. **USC is not subject to personal jurisdiction in New York.**

　　A. **Plaintiffs fail to show that personal jurisdiction is proper under New York law.**

In the Opposition, Plaintiffs argue only that USC is subject to specific jurisdiction pursuant to CPLR 302(a)(1) and 302(a)(3)(ii). Plaintiffs therefore concede that USC is not subject to general jurisdiction or jurisdiction under CPLR 302(a)(2), 302(a)(3)(i), or 302(a)(4), which USC specifically challenged in the Motion. *See Cole v. Blackwell Fuller Music Publ'g, LLC*, 16-CV-7014, 2018 WL 4680989, at *7 (S.D.N.Y. Sept. 28, 2018) (a plaintiff's failure to address an issue in its opposition to a Rule 12(b) motion "amounts to a concession or waiver of the argument"). Because Plaintiffs also fail to establish that USC is subject to personal jurisdiction pursuant to CPLR 302(a)(1) or 302(a)(3)(ii), the Complaint should be dismissed.

　　　　1. **Plaintiffs fail to plausibly allege that USC is subject to specific jurisdiction pursuant to CPLR 302(a)(1).**

Plaintiffs contend that USC's former "University Advancement" Office in New York is sufficient to establish jurisdiction under CPLR 302(a)(1) and even offer the absurd argument, without any evidence, that USC closed the office to "manufacture a jurisdictional defense." Doc. No. 32 at 1, 3, 14-15. Setting aside Plaintiffs' unsupported contentions,[1] Plaintiffs' discussion of

---

[1] Lila Mauro's Declaration is clear that USC closed the "University Advancement" Office on March 10, 2025 due to limited use, and the office was not part of the USC athletics department. Doc. 29-2 ¶ 16.

2

USC's former "University Advancement" Office is a red herring. So too are Plaintiffs' allegations about USC's academic programs, alumni events, fundraising in New York, and broadcast of USC athletics competitions. Doc. No. 32 at 14-15. The operative question is not whether USC has some New York contacts, but whether Plaintiffs assert plausible facts showing an <u>articulable nexus</u> or a <u>substantial relationship</u> between Plaintiffs' copyright infringement claims and USC's New York activities. *See Thackurdeen v. Duke Univ.*, 130 F. Supp. 3d 801 (S.D.N.Y. 2015), *aff'd*, 660 Fed. Appx. 43 (2d Cir. 2016) (emphasis added). They do not.[2]

Plaintiffs never contend that the creation, posting, or management of the allegedly infringing videos occurred in New York or in any way arose out of USC's New York contacts. Because Plaintiffs' copyright claims are "completely unmoored" from USC's New York contacts, this Court lacks personal jurisdiction over USC pursuant to CPLR 302(a)(1). *D & R Glob. Selections, S.L. v. Bodega Olegario Falcon Pineiro*, 78 N.E.3d 1172, 1176 (N.Y. 2017).

The cases cited by Plaintiffs are inapplicable. Doc. No. 32 at 13. In *Pickett v. Migos Touring, Inc.*, the plaintiff alleged that the defendant arranged for the distribution and performance of allegedly infringing songs *in New York*. 420 F. Supp. 3d 197, 204 (S.D.N.Y. 2019). In *McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani*, the defendant sold more than 1,000 allegedly infringing textbooks to customers *in New York*. 295 F. Supp. 3d 404, 412 (S.D.N.Y. 2017). By contrast, Plaintiffs concede in the Complaint that USC's alleged infringement occurred "*outside* of New York." Doc No. 1 ¶ 34 (emphasis added). Thus, while Plaintiffs allege that USC has some New York contacts, they wholly fail to cite facts connecting those contacts to the creation or posting of the social media videos at issue.

---

[2] Plaintiffs' unsupported statement that "[t]here is no genuine dispute that the infringing videos are related to" USC's New York's activities is conclusory and should not be considered. *See Gmurzynska v. Hutton*, 257 F. Supp. 2d 621, 625 (S.D.N.Y. 2003) ("[C]onclusory allegations are not enough to establish personal jurisdiction.").

3

Plaintiffs' attempts to distinguish the cases cited by USC fall flat. In *Kee v. Detroit Lions, Inc.*, this Court dismissed a photographer's copyright claims against the Detroit Lions for lack of personal jurisdiction, because, like here, the plaintiff failed to present any evidence of direct copyright infringement in New York and did not allege that the secondary infringement claims arose out of the Lions' contacts with New York. 24-CV-223, 2025 WL 965786, at *4-5 (S.D.N.Y. Mar. 30, 2025) (plaintiff's allegations were "far too attenuated" for the Court to assert specific jurisdiction). Similarly, in *Forstech Technical Nigeria Ltd. v. The Shell Petroleum Dev't Co. of Nigeria Ltd.*, this Court dismissed claims for lack of personal jurisdiction, because, like here, the plaintiff failed to show how its claims were "linked" to any business transactions by the defendant in New York. 24-CV-7629, 2025 WL 1435203, at *5 (S.D.N.Y. May 19, 2025). While Plaintiffs argue that these cases involved different factual scenarios, they fail to counter their core holdings: that claims must arise from New York contacts to support exercise jurisdiction under CPLR 302(a)(1). Instead, Plaintiffs make the conclusory argument that "USC's New York contacts are direct and intentional," without plausibly connecting such contacts to the alleged infringement— posting of videos in California.

Plaintiffs also mischaracterize another pair of persuasive cases. Doc. No. 32 at 16. Plaintiffs contend that *Best Van Lines v. Walker* is not "on point" because CPLR 302(a)(3) exempts defamation actions. Doc. No. 32 at 16; 490 F.3d 239 (2d Cir. 2007). But Plaintiffs' argument misses the mark, as USC relies on *Best Van Lines* for the proposition that the Court lacks personal jurisdiction under CPLR 302(a)(1) because Plaintiffs have shown no "articulable nexus" or "substantial relationship" between USC's alleged business transactions in New York and Plaintiffs' claims. Doc. No. 29-1 at 9-10; 490 F.3d at 249.

Plaintiffs contend that *Creative Photographers, Inc. v. Grupo Televisa, S.A.B.* is not "on

4

point" because the court applied the federal long-arm statute to examine jurisdiction under Rule 4(k)(2). 763 F. Supp. 3d 618 (S.D.N.Y. Feb. 4, 2025); Doc. No. 32 at 16. But USC relies on *Creative Photographers* for the proposition that a plaintiff "must plead facts which, if true, are sufficient in themselves to establish jurisdiction," and that there must be "an articulable nexus" or "substantial relationship" between the claim asserted and the alleged actions that occurred in New York, both of which are lacking here. Doc. No. 29-1 at 9-10. Plaintiffs therefore fail to meaningfully distinguish these cases.

> **2.    Plaintiffs fail to plausibly allege that USC is subject to specific jurisdiction pursuant to CLRC 302(a)(3)(ii).**
>
> **a.    New York is not the "situs" of Plaintiffs' injury.**

To determine whether there is an injury in New York sufficient to warrant jurisdiction under CPLR 302(a)(3)(ii), courts look to the "situs of the injury," which is where the original event that caused the injury occurred, not the location where the damages may be subsequently felt by the plaintiff. *Thackurdeen*, 130 F. Supp. 3d at 806 (citing *Mareno v. Rowe*, 910 F.2d 1043, 1046 (2d Cir. 1990)). As explained in the Motion to Dismiss, the Complaint lacks allegations that New York is where the events that allegedly caused injury occurred. Doc. No. 29-1 at 14.

Plaintiffs do not dispute USC's argument. Instead, Plaintiffs rely nearly exclusively on *Penguin Group (USA) Inc. v. Am. Buddha*, which narrowly held that in cases involving "printed literary works"[3] and "digital piracy," the situs of the injury is the location of the copyright owner. 16 N.Y.3d 295, 304 (2011). This case involves neither. Rather, the Complaint alleges that USC posted sound recordings to social media and does not allege digital piracy, which the *Penguin* court described as the uploading of copyrighted materials on the internet and making them

---

[3] While the Second Circuit certified a broader question to the Court of Appeals, the Court specifically narrowed the question to "printed literary works." *Penguin*, 16 N.Y.3d at 301-02.

5

available publicly for third parties to download. *Penguin*, 16 N.Y.3d at 304. Regardless of whether the platforms at issue may allow some content to be downloaded (Doc. No. 32 at 11-12), Plaintiffs do not allege that USC posted the videos for the purpose of enabling third parties to download Plaintiffs' sound recordings.

Plaintiffs' analysis of injury under CPLR 302(a)(3)(ii) starts and stops with *Penguin*, which explicitly declined to address the situs of an injury in a copyright infringement that, like here, does not allege digital piracy. *See Troma Entm't, Inc. v. Centennial Pictures Inc.*, 729 F.3d 215, 218 (2d Cir. 2013). Since *Penguin*, the Second Circuit has explained that the residence or domicile of the injured copyright holder in New York is *not* a sufficient predicate for jurisdiction under CPLR 302(a)(3)(ii). *Id*. at 220 ("The suffering of economic damages in New York is insufficient, alone, to establish a direct injury in New York for § 302(a)(3) purposes."). Copyright owners must still allege facts demonstrating a non-speculative *and* direct New York-based injury to their intellectual property rights, *not* merely "generalized harm," such as statutory damages and injunctive relief that could be asserted by any copyright holder. *Id*.

District Courts have refused to apply *Penguin* in copyright cases, like this one, that do not involve allegations of digital piracy. For example, in *Freeplay Music v. Dave Arbogast Buick-GMC, Inc.*, the Court discussed *Penguin* and held that in cases like this one alleging that infringing songs were included in social media videos, the plaintiff does not suffer a "direct injury" in New York. 6-CV-442, 2017 WL 449913, at *6-7 (S.D.N.Y. Jan. 18, 2017); *see also Creative Photographers, Inc. v. Grupo Televisa, S.A.B.*, 23-CV-7106, 2025 WL 388401, at *7, 11–13 (S.D.N.Y. Feb. 4, 2025) (uploading a New York resident's photographs to 20 interactive websites without paying a licensing fee did not establish a sufficient in-state injury pursuant to CLRC 302(a)(3)(ii) when complaint failed to plausibly allege loss of New York customers).

Plaintiffs attempt to distinguish *Dave Arbogast Buick-GMC* and similar holdings based on whether the posts were "viewable" rather than "downloadable," and they cite unauthenticated hearsay terms from YouTube, Instagram, and TikTok stating that some social media posts may be downloaded in certain circumstances.[4] Doc. No. 32 at 11, n. 5. But in *Dave Arbogast Buick-GMC*, the Court held that videos uploaded to "YouTube or other Internet sites" from Ohio did not establish jurisdiction in New York, in part, because they were not alleged to be uploaded "so that third parties could download unlicensed versions over the Internet." 2017 WL 449913, at *6; *see also Freeplay Music, LLC v. Rigol Techs. USA, Inc.*, 18-CV-10980, 2020 WL 564232, at *7 (same). The Court rejected the idea, asserted by Plaintiffs here, that "posting copyrighted material to the Internet for any purpose—such as posting a copyrighted photo to Instagram or Facebook—would automatically cause an in-state injury to a New York copyright holder." 2017 WL 449913, at *7. The operative question, therefore, is not whether posts can potentially be downloaded but whether the defendant posted the materials for the purpose of facilitating third-party downloads of Plaintiffs' copyright works (*i.e.*, digital piracy), which the Complaint does not and cannot plausibly allege. *Dave Arbogast Buick-GMC*, 2017 WL 449913, at *6--*7. This Court should therefore follow the holdings in *Dave Arbogast Buick-GMC* and *Creative Photographers* and find no jurisdiction.

          b.      **It was not "reasonably foreseeable" that USC's alleged conduct would cause injury in New York.**

Plaintiffs cannot establish foreseeability because they rely on "sheer speculation" that USC's alleged conduct—posting videos on social media—would cause injury in New York. The Complaint lacks critical allegations that USC intended to "target" New York with the videos more

---

[4] Regardless of whether the platforms may allow content to be downloaded, Plaintiffs have not plausibly alleged in the Complaint that third parties have downloaded the videos at issue.

7

than any other jurisdiction or that USC knew "concrete facts" that should have alerted USC to "the possibility of being brought before a court in the Southern District of New York." *See Royalty Network Inc. v. Dishant.com, LLC*, 638 F. Supp. 2d 410, 424 (S.D.N.Y. 2009).

### B. Exercising personal jurisdiction over USC in New York would violate due process.

#### 1. USC does not have sufficient minimum contacts with New York.

In support of their minimum contacts argument, Plaintiffs refer the Court to "the same facts supporting jurisdiction" over USC pursuant to CPLR 302(a)(1). Doc. No. 32 at 13-15. There, Plaintiffs fail to plausibly allege that USC has "purposefully availed" itself of the privilege of doing business in New York. As explained in the Mauro Declaration, USC's New York contacts are limited. Doc. No. 29-2 ¶¶ 6, 11-14, 16. Plaintiffs also fail to plausibly allege facts showing that there is an "articulable nexus" or "substantial relationship" between Plaintiffs' claims and those transactions. *Walden v. Fiore*, 571 U.S. 277, 284–85 (2014) (when determining minimum contacts, courts consider "the relationship among the defendant, the forum, and the litigation"). Thus, minimum contacts are lacking.

#### 2. The exercise of personal jurisdiction would be unreasonable.

The assertion of personal jurisdiction over USC would not "comport with traditional notions of fair play and substantial justice" under the relevant factors. *Am. Girl, LLC v. Zembrka*, 118 F.4th 271, 279 (2d Cir. 2024) (listing the five factors). First, despite the existence of "modern communication and transportation," requiring USC to litigate this case across the country in New York would impose a substantial burden, both financially and logistically, because all of USC's anticipated witnesses and evidence at trial are in Los Angeles, and the third-party social media platforms are likewise based in California. Doc. No. 29-1 at 21; Doc. No. 29-2 ¶¶ 8-10; Doc. 29-3 ¶¶ 4-10; *Dix v. Peters*, 374 F. Supp. 3d 213, 226 (N.D.N.Y. 2019), *aff'd*, 802 Fed. Appx. 25 (2d

Cir. 2020) (personal jurisdiction in New York over a Michigan corporation would "impose an undue burden"). Second, even if New York has some interest in providing effective means of redress for its residents (Doc. No. 32 at 18), the interests of California are stronger because this case is based on alleged conduct that took place in *California* involving a *California* university's use of *California*-based social media platforms. Doc. No. 29-1 at 22. Third, Plaintiffs do not argue that litigating in California, a focal point of the music industry, would be inconvenient for them.

II. **Venue is improper in this District because USC is not subject to personal jurisdiction here.**

Plaintiffs fail to meet their burden that venue is proper in this District. Plaintiffs rely exclusively on 28 U.S.C. § 1400(a), which only applies if USC is subject to personal jurisdiction in New York. Doc. No. 32. Because, as explained above, USC is not subject to personal jurisdiction in New York, venue is improper in this District.

III. **Jurisdictional discovery is not warranted.**

Jurisdictional discovery should be denied because (1) Plaintiffs fail to establish a prima facie case of personal jurisdiction and (2) the proposed discovery would not uncover facts sufficient to sustain jurisdiction. *Best Van Lines*, 490 F.3d at 255; *Hitachi Data Sys. Credit Corp. v. Precision Discovery, Inc.*, 331 F. Supp. 3d 130, 147 n.3 (S.D.N.Y. 2018). As explained above, Plaintiffs fail to establish a prima facie case of personal jurisdiction. For this reason alone, jurisdictional discovery should be rejected. *See Herlihy v. Sandals Resorts Int'l, Ltd.*, 795 F. App'x 27, 30 (2d Cir. 2019) (when a plaintiff "fails to establish a prima facie case for jurisdiction," a "district court may deny jurisdictional discovery").

Plaintiffs also do not sufficiently show that their proposed discovery would uncover facts sufficient to sustain jurisdiction, especially when both parties have already provided declarations. *See Vista Food Exch., Inc. v. Champion Foodservice, LLC*, 124 F. Supp. 3d 301, 314 (S.D.N.Y.

9

2015) (it is "well established" that courts may decide personal jurisdiction on the basis of sworn statements alone).

Plaintiffs further fail to describe exactly what they would seek in jurisdictional discovery or attach proffered written discovery requests. *See Yash Raj Films (USA) Inc. v. Dishant.com LLC*, 08-CV-2715, 2009 WL 4891764, at *11 (E.D.N.Y. Dec. 15, 2009) (jurisdictional discovery should not be permitted based on speculation).

Most of the topics of discovery Plaintiffs describe (*e.g.*, whether USC maintains bank accounts in New York, the revenue generated from USC's New York activities, the extent of marketing in New York, outreach to New York students, recruits, fans, and alumni, whether USC targeted ads to New Yorkers, and contracts with New York companies) only pertain to general jurisdiction, which Plaintiffs have waived, because they have no connection to the videos at issue. The only proposed topic that arguably relates to the videos is "whether the infringing videos were distributed in New York,"[5] but Plaintiffs have not even made such an allegation in the Complaint, and are therefore not entitled to jurisdictional discovery. *See Universal Trading & Inv. Co. v. Credit Suisse (Guernsey) Ltd.*, 560 Fed. App'x 52, 56 (2d Cir. 2014) (jurisdictional discovery should not be used to "fish for additional grounds of jurisdiction that they had not alleged").

### IV. **Plaintiffs' vicarious and contributory infringement claims should be dismissed for failure to plausibly allege third-party infringement.**

Plaintiffs primarily argue that their vicarious and contributory copyright infringement claims should survive dismissal because they were pled "in the alternative." Doc. No. 32 at 22. But Plaintiffs fail to cite to *any* authority holding that pleading a secondary liability claim "in the alternative" is sufficient when the facts supporting such liability are absent.

Plaintiffs conveniently fail to grapple with the many cases in and outside the Second Circuit

---

[5] Doc. No. 32 at 22.

holding that plaintiffs must allege direct infringement by "another party" to properly plead a secondary copyright infringement claim. Doc. No. 29-1 at 24-25; *see, e.g., Laine v. Pride*, 09–CV–3057, 2010 WL 199927, at *7 (S.D.N.Y. Jan. 19, 2010) (dismissing contributory infringement claim because plaintiff did not allege direct infringement by "another party"); *Wu v. John Wiley & Sons, Inc.*, 14-CV-6746, 2015 WL 5254885, at *13 (S.D.N.Y. Sept. 10, 2015) (plaintiff cannot establish secondary copyright infringement claim without alleging that the defendant was "responsible for the alleged acts of copyright infringement by others") (emphasis added); *A&M Records v. Napster, Inc.*, 239 F.3d 1004, 1013 n.2 (9th Cir. 2000) ("Secondary liability for copyright infringement does not exist in the absence of direct infringement by a third party.").

None of the three cases cited by Plaintiffs support allowing their secondary liability claims to proceed. Doc. No. 32 at 22. In *Blank Productions, Inc. v. Warner/Chappell Music, Inc.*, Warner/Chapell Music, unlike Plaintiffs, identified at least one third party infringer when pleadings its secondary copyright infringement counterclaims. 11-CV-927, 2013 WL 32806, at *4 (S.D.N.Y. Jan. 3, 2013). *Getty Images (U.S.), Inc. v. Microsoft Corp.* does not involve claims for contributory or vicarious copyright infringement, so it is inapplicable. 61 F. Supp. 3d 301 (S.D.N.Y. 2014). In *Carter v. Pallante*, an Illinois court allowed secondary copyright infringement claims to advance because, unlike here, the plaintiff alleged that the publisher defendants wrongfully licensed copyrighted songs to third parties. 256 F. Supp. 3d 791, 799 (N.D. Ill. 2017). Here, Plaintiffs identify *no* third parties that purportedly engaged in direct infringement to which USC contributed, requiring dismissal.

## CONCLUSION

For the above reasons and those in USC's opening memorandum, USC respectfully requests that this Court grant the Motion to Dismiss in its entirety.

Dated: July 21, 2025                                   Respectfully submitted,

                                                   HAYNES AND BOONE, LLP

By: */s/ Jason P. Bloom*
    Richard D. Rochford
    Joseph Lawlor
    30 Rockefeller Plaza, 26th Floor
    New York, NY 10112
    Tel: (212) 659- 7300
    Fax: (212) 918-8989
    richard.rochford@haynesboone.com
    joseph.lawlor@haynesboone.com

    Jason Bloom (admitted *pro hac vice*)
    2801 N. Harwood Street
    Suite 2300
    Dallas, TX 75201
    Telephone: (214) 651-5655
    Facsimile: (214) 200-0396
    jason.bloom@haynesboone.com

    Michael J. Lambert
    98 San Jacinto Blvd., Suite 1500
    Austin, TX 78701
    Telephone: (512) 867-8400
    Facsimile: (512) 867-8470
    michael.lambert@haynesboone.com

    **ATTORNEYS FOR DEFENDANT UNIVERSITY OF SOUTHERN CALIFORNIA**

## CERTIFICATE OF COMPLIANCE WITH WORD COUNT LIMITATION

    Pursuant to Local Rule 7.1(c), the undersigned certifies that this Reply in Further Support of Motion to Dismiss, excluding the caption, index, table of contents, table of authorities, signature blocks, and required certificates, consists of 3,477 words, which was determined using Microsoft Word's word count function.

                                            */s/ Michael J. Lambert*
                                            Michael J. Lambert